WILLIAM E. DEMAREST et al., Appellants, *v.* WILLIAM H. WICKHAM, Mayor, etc., Respondent.

An action cannot be maintained by an individual, either as corporator or tax-payer, to determine the legality of the election of one claiming to hold a municipal office, or to restrain the exercise of unauthorized powers by the officers of a municipal corporation, or to restrain or avoid the illegal acts of the corporation, unless plaintiff is thereby affected in his private rights as distinct from that of other corporators and tax-payers.

The remedy in these cases is by action or appropriate proceedings in the name of the people of the State.

So, also, no private remedy is available to an individual to compel a municipal officer to cause an election to be held to fill a vacancy. If the power exists, and it is the duty of the officer to exercise it, he may be compelled so to do by writ of mandamus, sued out by or on behalf of the State.

An action cannot be maintained by an individual claiming to hold a municipal office, to determine his right thereto, when it does not appear that any person claims the office in hostility to him, or that there has been any interference by the defendant with his legal rights as officer.

(Argued November 22, 1875; decided December 7, 1875.)

APPEAL from a judgment of the General Term of the Supreme Court, in the first judicial department, affirming a judgment in favor of defendant, entered upon an order sustaining demurrer to plaintiffs' complaint. (Reported below, 4 Hun, 627.)

The complaint in the action alleged in substance, among other things, that an act was passed by the Legislature April 30, 1873, by its terms abolishing the board of assistant aldermen of the city of New York. (Chap. 335, Laws of 1873.) That an act amending said act was passed June 13, 1873, declaring that the aldermen in said city should be elected on the principle of minority representation, no elector being permitted to vote for the full number of aldermen, which acts were alleged to be unconstitutional and void. That plaintiffs (two in number), at the annual election in November, 1874, offered themselves as candidates for the office of assistant aldermen in their respective districts, and received votes

for such office, which were duly received, counted and returned, and that they received all the votes cast in their districts, and thereby were duly elected. That plaintiffs qualified and took and filed their oath of office. That on the 1st day of January, 1875, they went to the hall of the board of assistant aldermen in said city, for the purpose of organizing said board, and were informed and believed that the electors of the other nineteen districts had neglected to elect assistant aldermen, and by reason thereof there was no quorum, and plaintiffs were unable to organize the board, notice of which fact was served on defendant, the mayor of the city, with a demand that he call a special election to fill the vacancies, and refrain from recognizing the board of aldermen as the common council. That plaintiffs again met and were refused admission to said hall. That on the first Monday of January, 1875, twenty-two persons, claiming to have been elected aldermen, met in the hall of the board of aldermen, and organized as the common council, usurping the rights and franchises of the board of assistant aldermen. That defendant recognized said illegal body as the common council, and intends to recognize and give force to their acts and ordinances as such. Plaintiffs demanded judgment, that defendant as mayor, his successors, etc., be restrained from recognizing said illegally constituted board of aldermen as the common council. That said acts of 1873 be declared unconstitutional, and the election of aldermen thereunder illegal and void. That defendant notify the proper officer, so that a special election be called to elect aldermen and assistant aldermen to fill the vacancies, etc.

Defendant demurred, on the ground that the complaint did not state facts sufficient to constitute a cause of action.

*Samuel Hand* and *W. S. Wolf* for the appellants. The question as to the want of parties, the form of the action or the want of jurisdiction cannot be raised under this demurrer and was waived. (*Loomis* v. *Tift,* 16 Barb., 541 ; 53 id., 238; *Blossom* v. *Barrett,* 37 N. Y., 434; 12 How., 547;

*Wilson* v. *Mayor*, 4 E. D. S., 706, n.; 7 Abb., 134; *Bk.*, etc., v. *Mayor*, 20 N. Y., 355; *Mossleman* v. *Poleart*, 34 Barb., 66; *Fult. F. Ins. Co.* v. *Baldwin*, 37 N. Y., 651; *People* v. *Mayor*, 8 Abb., 19; 28 Barb., 240; *Gen. Mut. Ins. Co.* v. *Benson*, 5 Duer, 168; *Stuyvesant* v. *Mayor*, 11 Paige, 415; *Emery* v. *Pease*, 20 N. Y., 62.) Plaintiffs are properly in court. (*Ex parte Heath*, 3 Hill, 42; *Doolittle* v. *Suprs., etc.*, 18 N. Y., 162.) The equity remedy prayed for extends to all acts contrary to law and prejudicial to the community and destructive of the private rights of individuals and for which there is no adequate remedy at law. (*Hartwell* v. *Armstrong*, 19 Barb., 175; *Kerr* v. *Trego*, 47 Pa. St., 292; 30 id., 9; Brightley's Election Cases, 573, 641; *Benson* v. *Mayor*, 10 Barb., 226; *Elmendorf* v. *Mayor*, 25 Wend., 693; *Mott* v. *R. R. Co.*, 6 Casey, 9; *People* v. *Suprs.*, 15 Wend., 198; *Roosevelt* v. *Draper*, 23 N. Y., 318; *People* v. *Mayor*, 32 Barb., 102; *Stuyvesant* v. *Pearsall*, 15 id., 244; *Milhau* v. *Sharp*, 17 id., 435; 28 id., 228; *People* v. *Stevens*, 5 Hill, 629; Dillon on Mun. Corp., § 213; *Morgan* v. *Quackenbush*, 22 Barb., 7, 280; *Doolittle* v. *Suprs.*, 18 N. Y., 155; *People ex rel.* v. *Albertson*, 55 id., 56, 67; *Warner* v. *People*, 2 Den., 272; 1 Cow., 550.)

*D. J. Dean* for the respondent. The rights of plaintiffs to the offices claimed by them could not be determined in this action. (*Mott* v. *Connolly*, 50 Barb., 516; *People ex rel. Dolan* v. *Lane*, 55 N. Y., 217.)

ANDREWS, J. There are decisive reasons against the plaintiffs' maintaining this action upon their own statement and theory of the facts and law set forth in the complaint.

If the provision in the act of 1873 (chap. 335) for the election of aldermen in the city of New York upon the principle of minority representation, is unconstitutional and void, for the reason that it deprives the electors of a constitutional right to vote for all the aldermen to be elected in the district in which the electors resided, and for all the aldermen

to be elected at large, and the election held thereunder in the fall of 1874 was void, it conferred no legal right to the office of aldermen upon the persons voted for and returned as elected to that office at that election. Their election, followed by their assumption of the office, constituted them officers *de facto* but not *de jure.*

The remedy which the law gives against them is a proceeding, by information, in the nature of a *quo warranto,* issued by the attorney-general in the name of the people of the State, to remove them as intruders into the office claimed by them. (Code, § 432 *c.*) They are not made parties in this action, and it is not brought in the name of or in behalf of the State.

If the plaintiffs are correct in respect to their claim that by force of the Dongan charter, and its recognition in the successive State Constitutions, a board of assistant aldermen elected by the electors of the city is an integral and essential part of the common council, and that its powers cannot, by an act of legislation, be vested in a single board, composed of aldermen only, then the provision in the act of 1873, abolishing the board of assistant aldermen and vesting the legislative powers of the city exclusively in the board of aldermen, was invalid, and the assumption on the part of the aldermen to act as the common council, and to exercise powers which could only be exercised conjointly by the two boards of aldermen and assistant aldermen, is a usurpation, and the acts of the common council so constituted are null and void. But, assuming the premises, the conclusion does not follow that the plaintiffs, as individuals or as corporators, can maintain a suit to restrain the exercise of unauthorized powers by this usurping and illegal body, or to enjoin the defendant as mayor from recognizing it as the common council, or approving its acts of pretended legislation. The State is the source from which the municipality derives its corporate powers, and they can only be exercised to the extent and under the limitations which the sovereign power prescribes. If it assumes franchises which have not been conferred, or oversteps the

boundaries and limitations of its authority, the State may interfere and by appropriate remedies, which the law provides, prevent the public mischief. The exercise by municipal corporations of powers not granted, is primarily an offence against the State, and individuals cannot challenge the acts of public corporations or officers until they are directly touched in their rights of person or property by their proceedings.

In *Doolittle* v. *The Supervisors of Broome County* (18 N. Y., 155), and *Roosevelt* v. *Draper* (23 id., 318), the general question here adverted to was much considered, and DENIO, Ch. J., in his opinions in those cases, with great force of argument and fullness of illustration, sustained the proposition that an individual cannot, either in the character of corporator or tax-payer, maintain an action to restrain or avoid the illegal acts of a municipal corporation not affecting his private interest, as distinct from that of other tax-payers or corporators. It may be granted that great public inconvenience will be likely to result to the community from the proceedings of which the plaintiffs complain upon the assumption that they are unauthorized and illegal, but this will be shared by the plaintiffs in common with the great body of citizens, and they cannot come into court as their representative to protect them from the threatened danger.

So, also, no ground exists for the exercise of the jurisdiction invoked by the plaintiffs to compel the defendant as mayor to take the necessary steps to cause a new election to be held for the choice of aldermen, and to fill the vacancies in the board of assistant aldermen. In the absence of a statute authorizing a new election, the court could not direct one, and if the power exists which may be put in motion by the defendant, and it is his duty to cause an election to be held, he may be compelled to discharge it by the writ of *mandamus* sued out by or in behalf of the State. But there is no private remedy available to the plaintiffs to compel the performance by the defendant of this public duty.

Nor can this action be maintained to procure the judgment

of the court upon the right of the plaintiffs to the office of assistant aldermen. It does not appear that any persons claim the office in hostility to them. If the plaintiffs are by right entitled to the office, no interference by the defendant is shown which has prevented them from discharging its functions. They allege, it is true, that the defendant has denied their right to assemble in the hall of the board of assistant aldermen, and that they have been refused admission thereto, but as the complaint shows that the board cannot be organized until the vacancies in the other aldermanic districts are filled, it is difficult to see what legal right, of which the court can take notice, has been denied them. If they are legal incumbents of the office they are entitled to any salary or emoluments annexed to it, and may, perhaps, maintain an action against the city to recover them. But the action is not of that character, and the court does not sit to decide abstract or speculative questions which any one may see fit to propose to it. The object of this action is stated in the printed brief presented to the court on behalf of the plaintiffs, to be, to re-establish and perfect the common council, restore political and vested rights and franchises, and to secure to the people of the city of New York the blessings of good government.

However commendable the object of the plaintiffs, as thus stated, may be, we think it cannot be attained through any judgment which the court is authorized to pronounce in this action.

The demurrer to the complaint was properly sustained, and the judgment of the General Term should be affirmed.

All concur.

Judgment affirmed.