(29 Misc. Rep. 238.)

### McNIECE v. SOHMER.

### O'NEILL v. SAME.

(Supreme Court, Special Term, New York County. October, 1899.)

1. PUBLIC OFFICER—DISMISSAL—ACTION FOR REINSTATEMENT.
   Where plaintiff was dismissed from a public office he held in the county clerk's office, an action in equity for reinstatement will not lie, but plaintiff's remedy, if any, is by an action at law.

2. SAME—MANDATORY INJUNCTION.
   In proceedings by plaintiff, seeking reinstatement in a public office, his right being doubtful, a mandatory injunction to restore plaintiff pendente lite will not issue.

Applications by Thomas J. McNiece and Charles B. O'Neill for injunctions against William Sohmer. Denied.

Edward Browne, for plaintiffs.

John Whalen (Terence Farley, of counsel), for defendant.

TRUAX, J. This is a motion for an injunction restraining the defendant from appointing any person to the position from which the plaintiff has heretofore been removed by the defendant, and also for an order restoring to and reinstating the plaintiff in such position. It is alleged in the complaint that the plaintiff has been removed from the position that he held in the county clerk's office in the county of New York by the defendant, who is clerk of said county. It has frequently been held in the courts of the United States and in the courts of this state that a court of equity has no jurisdiction over the appointment and removal of public officers, and that the jurisdiction to determine the title to a public office belongs exclusively to the courts of law, and is exercised either by certiorari, error, or appeal, or by mandamus, prohibition, quo warranto, or information in the nature of a writ of quo warranto, according to the circumstances of the case, and under the procedure established by common law or by statute. White v. Berry, 171 U. S. 366, 18 Sup. Ct. 917, 43 L. Ed. 199. See, also, Demarest v. Wickham, 63 N. Y. 320. It is to be noticed that in the case at bar the plaintiff has already been removed. If, as held in White v. Berry, a court of equity has no power to prevent an illegal removal, it certainly cannot by a mandatory injunction compel the reinstatement of a person who has been illegally removed. Chief Justice Fuller, in Green v. Mills, 16 C. C. A. 516, 69 Fed. 852, says that:

"The doctrine is clearly established that courts of equity will not interfere by injunction to determine questions concerning the appointment or election of public officers, or their title to office; such questions being of a purely legal nature, and cognizable only by courts of law."

In this case the chief justice of the United States cites with approval a decision of the court of appeals in this state in People v. Canal Board, 55 N. Y. 394, to the effect that:

"A court of equity exercises its peculiar jurisdiction over public officers to control their action only to prevent a breach of trust affecting public franchises, or some illegal act, under color or claim of right, affecting injuriously the property rights of individuals. A court of equity has, as such, no supervising power or jurisdiction over public officials or public bodies, and only takes cognizance of actions against or concerning them when a case is made coming within one of the acknowledged heads of equity jurisdiction."

It has been held by the court of appeals that an office is not property, although the invasion of a right to hold and exercise the duties of a public office has been recognized as a legal wrong, for which the law affords a remedy. See Nichols v. MacLean, 101 N. Y. 534, 5 N. E. 347. The proper proceeding for one who has been illegally removed from office was pointed out by the court of appeals in that case, and was said to be by certiorari, the effect of which, if decided in the relator's favor, was to annul the proceeding removing the relator, and was followed by a reinstatement of the relator to the office from which he had been unlawfully removed. Plaintiff is not an employé of the city government, and therefore is not protected by any provision of the charter of the

city. The plaintiff asks that the court, while the action is pending, issue an order commanding the defendant to reinstate plaintiff. Mandatory injunctions are at all times granted with extreme caution, and, as a general rule, are never granted pendente lite, or where the relief asked for is doubtful. High, Inj. 82; 10 Am. & Eng. Enc. Law, 789; Jameson v. Insurance Co., 14 App. Div. 380, 44 N. Y. Supp. 15. Plaintiff also asks that the defendant be restrained pendente lite from appointing any one in plaintiff's place. Such an injunction should not be issued, because it would be likely to prevent the defendant from, or impede him in, carrying on the duties imposed on him by law. For the reasons above stated, the motion is denied, and the injunction heretofore granted is vacated, with $10 costs to abide the event.

Motion denied, and injunction vacated, with $10 costs to abide event.