BATTLE BRYAN v. COMMISSIONERS OF EDGECOMBE.

*Sheriffs—Fees—Jury.*

The law makes no provision for paying sheriffs for services in summoning tales-jurors.

CIVIL ACTION tried at Spring Term, 1880, of Edgecombe Superior Court, before *Gudger, J.*

This is an appeal from a justice's judgment, tried upon the following state of facts agreed upon by the counsel of both parties, viz: the plaintiff is, and was at the time of matters herein set forth, sheriff of Edgecombe county, and as such, by order of the court, at February term, 1879, of the inferior court of said county, summoned seventy-four tales-jurors and others at different times. Before this action was brought, the plaintiff presented his account to the defendants and they refused to audit it, or any account for

summoning tales-jurors, claiming that the plaintiff was entitled to no compensation for such services. The court intimated that plaintiff was not entitled to recover and thereupon he took a nonsuit and appealed.

*Mr. W. P. Williamson,* for plaintiff.
*Messrs. Fred. Phillips* and *Gilliam & Gatling,* for defendants.

ASHE, J. There is no law prescribing the fees of sheriffs for summoning jurors, except that which is found in Battles's Revisal, ch. 105, § 21, sub. § 18, which provides that sheriffs shall have for " summoning a grand or petit jury, for each man summoned, thirty cents, and ten cents for each person summoned on a special venire." There is no provision now, and none is to be found in the Revised Statutes or the Revised Code, giving sheriffs compensation for the service of summoning tales-jurors. This is one of the many gratuitous services expected to be performed by sheriffs. The legislature, no doubt, deemed such service too trivial to be the subject of compensation, for all a sheriff has to do in the performance of the duty is to stand at his desk or table in the court house, and when a deficiency of jurors occurs, order A, B and C to take their seats in the jury box, and yet he prefers a charge against this county at the rate of thirty cents per head, for every juror summoned by him in this way, when the law only allows him ten cents for each person summoned on a special venire. Talesmen are summoned from the bystanders in the court house, while summoning a special venire, he must go into the streets and often into the country to make up the list.

The plaintiff, as we have said, cannot recover the compensation claimed by virtue of a statute, for there is none that gives it to him ; nor can he recover upon a *quantum meruit.* When he assumed the office of sheriff, it is to be presumed he knew the burthens and emoluments of the

office. He must have known what fees were provided by law for the performance of certain services, and what duties he was expected to discharge without remuneration. In accepting the office, then, there was an implied agreement on his part that he would, without charge, perform those duties incident to his office, for which the law had made no provision for his compensation. There are many of these duties: He is required to open and adjourn court, to preserve order in the court room, to arrest and bring before the court disorderly persons in contempt, convey prisoners to and from the jail to the court house, call witnesses and parties into court, jurors into the box, and discharge numerous other such services, for which the law has provided no compensation, and which he undertook to perform gratuitously when he accepted the office.

In many of the counties it has been the practice of the county authorities to make extra allowances to their sheriffs for the performance of such services, as no remuneration was provided by law, but these allowances were gratuitous, and such as the sheriff had no right to demand as his legal dues.

There is no error. The judgment of the superior court must be affirmed.

No error.　　　　　　　　　　　　　　　Affirmed.