### Z. B. NEWTON v. H. C. FISHER.

*Register of Deeds—Public Records—Fees—Mandamus.*

While it is the duty of the register of deeds to permit all persons to inspect the records committed to his custody, he will not be required, without the payment of his proper fees, to allow any one to make copies or abstracts therefrom.

(*Bryan* v *Com'rs*, 84 N. C., 105, cited).

Application made in an action in CUMBERLAND Superior Court for a writ of *mandamus,* heard before *MacRae, Judge,* on complaint and demurrer, at Chambers, July 9th, 1886.

The complaint alleges that the plaintiff is a duly licensed attorney and counsellor at law, and now engaged in the practice of his profession in the county of Cumberland.

1st. That the defendant is, and was at the time of the acts complained of, the duly elected and qualified register of deeds for the county of Cumberland.

3d. That plaintiff has in his hands for collection a large amount of claims against persons living in said county, and in order to serve the interests of his clients, it is necessary for him to keep well informed as to all transfers of property in said county, and to know the financial condition of all the debtors of his clients; and in order for him to do so, it is necessary for him to have knowledge of all the transfers of property in said county.

4th. That on the 24th day of June, 1886, the plaintiff went to the office of defendant, and demanded access to such of the registration books for the year 1886 as the defendant was not in the actual use of, for the purpose of making an abstract of all chattel mortgages, deeds, mortgages on real estate and deeds of trust, stating the date of the deed or mortgage, names of the grantor or grantors, grantee or grantees, the kind of property transferred, and if a mortgage, for what amount and when due, which demand was refused by defendant, unless plaintiff would pay to him twenty cents for each chattel mortgage and eighty cents for each deed or mortgage of real estate.

5th. That on same day plaintiff demanded of defendant access to Book O, No. 3, for the purpose of making a copy of a deed recorded on page 423 of said book, which demand defendant denied plaintiff as a matter of right, but agreed to as a matter of courtesy to plaintiff.

6th. That plaintiff desires to have a copy of said deed in his office for the purpose of bringing suit for the land conveyed in said deed.

Wherefore the plaintiff prays:

1st. That a writ of *mandamus* may be issued, commanding the defendant to allow plaintiff to make an abstract of all transfers of real and personal property for the year 1886.

2nd. Commanding the defendant to allow plaintiff to make a copy of the deed recorded in Book O, No. 3, page 423.

The defendant moved to dismiss the action upon the ground that no cause of action is set out in the complaint, and the motion was considered in the nature of a demurrer *ore tenus*.

The demurrer was sustained and the action dismissed, and from this the plaintiff appealed.

*Mr. D. Rose,* for the plaintiff.
*Mr. Thos. H. Sutton,* for the defendant.

DAVIS, J., (after stating the case). Among other duties, the registers of deeds in their respective counties are charged with the custody and safe keeping of the books in which are contained the records of the deeds, mortgages, and other instruments required by law to be registered.

These are the public records of the county, and all persons have a right to know, in fact are conclusively presumed to know, their contents.

All persons have a right, therefore, to inspect them, and it is the duty of the register, not only to record all instruments required by law to be registered, but to keep his office open, and be present "in person or by deputy," for such time as will afford ample opportunity to the public to inspect the records, and if necessary, the board of county commissioners may designate the times at which he shall attend. For his services he is compensated by fees fixed by law.

All persons have the *right* to inspect these records freely and without charge, and all persons who may desire to do so, can get copies by paying the prescribed fees.

It is the duty of the register to keep them open to the inspection and examination of all who may desire to inspect and examine them, and for this there is no fee; it is his duty to furnish copies to all who require them and will pay the fees allowed. Perhaps, in addition to this, so long and so universal has been the custom, that it may be said to be the right of lawyers, and others needing them, to take such reasonable memoranda as may not interfere with the rights and duties of the register, and we have never known this refused. We know of no law that requires the register, in this respect, to do more.

No one has the right, to use the language of the learned Judge in the Court below, "to make copies or abstracts of the entire record of the office, including those instruments in which the person so desiring to make abstracts, &c., is not at the time interested, but simply anticipates that he will at some time be interested, and abstracts of which he desires to make for merely speculative purposes. This might have the effect to transfer from the register's office to the office of the attorney, who might have a place of business more conveniently located, a large part of the business and emoluments of the register of deeds, as no one would have a right to make copies of records in the office of the register, except upon payment of the fees allowed by law for copies, and this would deprive the register of the emoluments of his office. In this view, the plaintiff would be entitled to every facility for the legitimate prosecution of his business by access to the records for the examination of instruments registered, but the Court is not satisfied of his right to make an abstract of all transfers of real and personal property for the year 1886, without having an interest in the same for the prosecution of his business or paying any fee therefor."

If he has the right to make abstracts of all the records of 1886, he has the right to make them for all the years; if he has the right to copy or make abstracts of parts of the records, it may be the material parts, he has the right to copy the whole. If it is the right of one, it is the right of all Once concede the right, and where will it end? The records of this Court, of all the Courts, of the executive departments of every public office in the State, would be subject to the same right in every individual in the State, and, aside from the inconvenience, and perhaps intolerable annoyance and loss of just emoluments to public officers, the danger and risk which they might incur in possible injury to the records, affecting public and private rights, make it manifest that such right cannot exist. It is not the right of all—it is not the right of one.

It is the first time, so far as our researches go, that this or any similar question has been before the Courts of this State, but the identical question was before the Supreme Court of Michigan, *Webber* v. *Townley*, 43 Mich., 534 (Am. Rep., 38—213), and it was there held that the plaintiffs were not entitled to a writ of *mandamus* to compel the register of deeds to permit them or their clerks to inspect and " copy or abstract the public records, files and papers in the office of register of deeds," to aid them in their business.

In that case, conceding the right of the plaintiffs to inspect the records, MARSTON, C. J., says : " It is a request for the law to grant them the right to inspect the record of the title to every person's land in the county, and obtain copies or abstracts thereof, to enable them hereafter, for a fee or reward, to furnish copies to such as may desire the same, whether interested or not, and irrespective of the object or motive such persons may have in view in seeking such information. In other words, the plaintiffs ask the right of copying or abstracting the entire record of the county for private and speculative purposes, they having no other in-

terest whatever therein." Again he says: "As the use of the public records cannot thus be handed over to the indiscriminate use of those not interested in their future preservation, how shall the register protect them from mutilation? This he cannot do personally, without neglecting his official duties, and if he must employ clerks, or appoint deputies for such purposes, at whose expense shall it be, the law having made no provision for such emergencies?"

To the same purport is the reasoning, supported by the authorities cited, in the case of *Brewer* v. *Watson*, 71 Ala., 299.

It was there held that the attorney for the collector had a right to *inspect* the settlement of accounts in the Auditor's books, in which his client was interested, and it was put upon the ground of direct interest in the matter contained in the record.

The cases of *Bryan* v. *Commissioners*, 84 N. C., 105, and *Perry* v. *Williams*, 12 Vroom, 332 (Am. Rep., 32—219), cited by counsel for plaintiff, do not sustain his claim. The former only decides that there are some things which the sheriff must do without fee, and the latter is an authority for the defendant in this action, in that it holds that the person seeking the *inspection* of the record in that case, must have such an interest in the controversy as would enable "him to maintain or defend an action, for which the public documents will furnish competent evidence or necessary information."

The fifth and sixth allegations of the complaint were not insisted upon in this Court. There is no error.

No error.                                    Affirmed.