# PROVIDENCE COUNTY.

## STATE *vs.* BENJAMIN H. LANE.

On confused evidence, clumsy records, and much necessary inference, the court found that there existed vacancies in a school committee to be filled by the election of members as follows, *i. e.* of two members to serve for three years, and of one member to serve for one year. The town council elected A., B., and C. to serve for three years.

*Held,* that A. and B. were elected for three years, and that C., the last in order, was elected for one year.

C. continued to act after his year was ended, but it appeared that the town council had by election filled all vacancies, including that made by the expiration of C.'s term of office of one year.

*Held,* that C. could not be considered a *de facto* officer. There was no vacancy, and therefore no place for a *de facto* officer to occupy.

*Quo warranto* lies to oust an illegal incumbent from an office, not to induct the legal officer into it.

QUO WARRANTO.

This was an information filed by the Attorney General on the relation of Robert Murray to test the title of the respondent, Benjamin H. Lane, to the office of Superintendent of Public Schools of the town of Cumberland.

*October* 16, 1889. TILLINGHAST, J. This case was submitted to the court upon the following agreed statement of facts, namely :

" It is agreed that the above entitled case may be heard and determined by the court upon the said information and answers filed therein, together with the following agreed statement of facts."

Transcript of records of the Town Council of Cumberland, showing the election of School Committee of said town from the year 1883 to 1889 inclusive :

" June, 1883.

       " Isaac H. Easterbrooks,    } *School Committee*
       " Edmund Clarke,          } *for three years.*
       " Robert Murray.

" June 12, 1884.

       " Horace A. Follett,    } *School Committee*
       " Samuel E. Carpenter. } *for three years.*

" June, 1885.

| " Myron Fish, | } | *School   Committee* |
| " Charles O. Flagg, | } | *for  three  years.* |

" June 19, 1886.

" For three years, School Committee, George E. Whipple; two years, Charles E. Howes; three years, Arlon M. Razee, Robert Murray.

" July 5, '86.

" Salary 265.

" June 18, 1887.

| " Thomas J. Smith, | } | *For three years* |
| " John D. Paterson, | } | *School Committee.* |

" Salary 275.

" June 14, 1888.

" School Committee for three years, Charles E. Howes, B. H. Lane, Thomas W. Hague.

" For one year, in place of A. M. Razee, resigned, A. B. Gould. Salary 275.

" July 2, 1888. (Town Council), voted to accept the resignation of Robert Murray as a member of the School Committee.

" Attest : John F. Clark, *Council Clerk.*

" At the annual meeting of the School Committee in June, 1888, there were present of the members thereof :

" John D. Patterson, Benj. H. Lane, Charles E. Howes, Andrew B. Gould, Robert Murray.

" Thos. W. Hague appeared at the following meeting and acted as a member of the committee. After this meeting Robert Murray resigned as a member, his term expiring in June, 1889.

" June 12, 1889. The town council elected James A. Wilde, John J. Connally, Conrad W. Cook, school committee for three years.

" John J. Connally declined, and Thomas Hughes was elected in his place.

" At the annual meeting on June 24, 1889, of said school committee, there were present: John D. Patterson, Benjamin H. Lane, Chas. E. Howes, Thomas J. Smith, and Thomas W. Hague.

" Conrad W. Cook and Thomas Hughes presented their certificates of election, having qualified to act as members of said com-

mittee, and they were read and admitted by the chairman, and the reading of the certificate of James A. Wilde was refused.

" George E. Whipple retired from the committee at the end of school year of 1887–1888, for the reason, as was stated by him, that his term of office expired at that time."

The main question raised by the agreed statement of facts, including the pleadings, and the one which is decisive of the controversy, is this, viz.: Who composed the legally constituted school committee of the town of Cumberland on the first day of July, 1889, the time at which the defendant claims to have been elected superintendent of public schools of said town? Seven members was the number allowed by law. The defendant's answer to the information filed by the Attorney General alleges that the school committee at that time consisted of seven members, the limit allowed by law, to wit: John D. Paterson, Thos. W. Hague, Benjamin H. Lane, Chas. E. Howes, Conrad W. Cook, Thomas J. Smith, and Thomas Hughes; that each member had been duly elected to his said office by the town council of said town, as appears of record, and that they had duly qualified to act in said capacity.

The Attorney General in his replication to the defendant's answer denies that the school committee consisted at that time of John D. Paterson, Thos. W. Hague, Benjamin H. Lane, Chas. E. Howes, Conrad W. Cook, Thomas J. Smith, and Thomas Hughes, but on the contrary avers that said committee consisted of John D. Paterson, Benjamin H. Lane, Chas. E. Howes, Conrad W. Cook, Thos. J. Smith, Thomas Hughes, and James A. Wilde.

The record of the doings of the town council above set forth is by no means clear or satisfactory, and we are therefore compelled to resort to inference to some extent in order to determine some of the facts necessary to a decision of the case. The first inference which we draw from the record is, that under the original division of said school committee into three classes by lot, as provided by Pub. Stat. R. I. cap. 50, § 4, the term of office of three members thereof expired at the end of the third year from the time of said division; that the term of office of two members thereof expired at the end of two years therefrom; and that the

term of office of the remaining two members thereof expired at the end of one year therefrom. That hence it follows that, at the end of the first year after said division into classes, there were two vacancies to be filled for three years ; that at the end of the second year there were two vacancies to be filled for three years ; and that at the end of the third year there were three vacancies to be filled for three years ; and so on down to the present time ; the council electing three members every third year, and two members each year during the two intervening years, each member being elected, of course, for three years. This manner of proceeding would constantly insure a body of seven members, the council of course filling any vacancies that might from time to time occur by death, resignation, or otherwise.

Commencing, then, at the beginning of the record before us, we find that in June, 1883, three members were elected for three years. We assume that the committee was then full. In 1884 two members were elected for three years, and in 1885 two members were elected for three years. These three elections, taken in the order in which they occur, show that the original division of the committee into three classes, as provided by statute, resulted in the manner we have assumed. The record for 1886 is somewhat ambiguous, but after much study thereof we are quite clearly of the opinion that it shows that three members, viz., Geo. E. Whipple, Arlon M. Razee, and Robert Murray, were each elected for the term of three years; and that one member, viz., Charles E. Howes, was elected for two years. The last named member, we infer, must have been elected to fill a vacancy then existing, although the record is silent on this subject, for no member could legally have been elected for two years except to fill a vacancy. And furthermore that was the year for the election of three members, whereas four were in fact elected. By consulting the official report of the school committee of Cumberland, on file in the office of the Commissioner of Public Schools for the year 1886–87, it appears that Myron Fish, elected in 1885, did not act after the first year of his election, showing, we think, that Charles E. Howes was elected in 1886 to fill the vacancy caused by his withdrawal or resignation.

In the year 1887 there were two vacancies by the expiration of

the terms of office of Horace A. Follett and Samuel E. Carpenter, elected in 1884. Thomas J. Smith and John D. Paterson were elected for three years to fill said vacancies. In 1888 there were two vacancies by the expiration of the terms of office of Charles O. Flagg, elected in 1885, and Charles E. Howes, elected in 1886, for two years, to fill the vacancy caused by the resignation of Myron Fish in 1886 as aforesaid.

The town council elected three members of said committee at this time for three years, to wit: Charles E. Howes, Benj. H. Lane, and Thos. W. Hague. This was the year, however, for the election of only *two* members for three years, whereas *three* members were in fact elected for that time. We are obliged to resort to inference again to explain this discrepancy in the record. It appears in the agreed statement of facts that Geo. E. Whipple, who was elected in 1886 for three years, retired from the committee at the end of the school year of 1887–88, for the reason, as was stated by him, that his term of office expired at that time. But his term of office did not expire at that time. He was elected in 1886 for the term of three years, and hence his term would not regularly expire until June, 1889. It seems clear, however, that the town council for some reason treated his office as vacant in June, 1888, because otherwise there were but two vacancies at that time to be filled.

The difficulty which has now arisen evidently originated in connection with this last election. The council did not, in terms, fill the vacancy caused by the withdrawal or retirement of said Whipple from the board one year before the expiration of his term of office, by electing some one to fill said vacancy, as they should have done, but evidently treated it as a vacancy for three years, and elected a member upon that basis.

The question then arises as to what was the effect of such action on the part of the town council. It is clear that no person could legally have been elected for a longer term than one year to fill the vacancy caused by Whipple's retirement. Whoever of the three members therefore was elected to fill said vacancy could not hold said office for a longer term than one year. Which one of the three took the place of said Whipple? This question is not entirely easy of solution, but we are strongly inclined to the opin-

ion that it was Thomas W. Hague, the third and last member elected that year. And for this reason, viz.: Two vacancies unquestionably existed which were to be filled for three years. The first man elected was Charles E. Howes. For we think it fair to assume, in the absence of any proof to the contrary, that the members were elected in the order in which their names appear on the record. There being a vacancy at the moment of his election for three years, he was fairly entitled to fill that vacancy. The next member elected, following the order of the record, was Benj. H. Lane. He also was elected for the term of three years. There being a vacancy at the moment of his election for three years, he was fairly entitled to fill that vacancy. The election of these two members filled both of the vacancies for three years, so that there remained in fact but one more vacancy to fill, and that vacancy was not for the term of three years, but for the term of one year. And it was not in the power of the council to elect a person for a vacancy which did not in fact exist, to wit, a three years' vacancy. But it was in their power, and it was their duty, to elect a person for one year to complete the unexpired term of Whipple's office. The election of Hague, then, for the term of three years, was an illegal election in so far, at any rate, as it assumed to confer upon him any authority after one year from said election. We think, however, that his election may be treated as an election for one year under the circumstances, and that during said year he was lawfully authorized to act as a member of said board.

The record shows that after the annual meeting in June, 1888, Robert Murray, who was elected in 1886 for three years, resigned. It does not appear that any one was elected to fill the vacancy thus caused, although it does appear that the council voted on July 2, 1888, to accept his resignation.

In June, 1889, then, there were three vacancies to be filled for three years, caused by the expiration of the terms of office of Thos. W. Hague, elected as aforesaid for one year ; A. B. Gould, elected in 1888 to fill the unexpired term of Arlon M. Razee, elected in 1886 ; and Robert Murray, whose term would have expired in 1889, but who resigned one year before as aforesaid, and which vacancy had not been filled. This was the regular year, also, for the election of three members. The council elected

James A. Wilde, John J. Connally, and Conrad W. Cook to fill these vacancies. Connally declined to serve, and Thomas Hughes was elected in his place.

The school committee of said town, then, on the first day of July, 1889, at which time the defendant claims to have been elected superintendent, was composed of the following named persons, viz. : John D. Paterson, Benj. H. Lane, Chas. E. Howes, Conrad W. Cook, Thomas J. Smith, Thomas Hughes, and James A. Wilde. It follows therefore that said Thomas W. Hague was not a. member of said school committee at that time ; that he illegally took part in the organization of said committee, and the election of officers by them, including a superintendent of public schools for said town. He voted for the defendant, Benj. H. Lane, for said office. Without his vote he could not have been elected, all of the members being present and voting at said meeting. Failing, then, to get a majority of the votes of the legally constituted school committee, the defendant was not elected to the office which he claims to hold.

But the defendant claims that, even if the court shall find that the term of office of Thos. W. Hague expired in June, 1889, yet that so long as he acted with the committee under and by virtue of his election, which upon its face was for the term of three years, he was at least a *de facto* officer, and that hence his acts are valid and binding. It is ordinarily true, doubtless, that the acts of a *de facto* officer, performed in good faith, are valid and binding to the same extent as the acts of an officer *de jure*. But we do not think that the position taken in this case is tenable, because, Hague's term having in fact expired, and another person having been duly elected in his place, there was no vacancy in the committee on the first day of July, 1889, and hence there was no office for a *de facto* officer to fill; and there could be no such thing as a *de facto* officer when there was no office to fill.

As to the claim made in the pleadings that the relator, Mr. Murray, was elected to the office of superintendent, we need only say, that in this proceeding we can only pass upon the question of the defendant's election ; as *quo warranto* lies to remove the illegal incumbent of an office, and not to put the legal officer in his place. *Strong, Petitioner,* 20 Pick. 484, 497.

*Judgment of ouster.*

MATTESON and WILBUR, JJ., dissent as to that portion of the foregoing opinion which holds that the said Thomas W. Hague was not an officer *de facto*, and that his action as such in the election of the respondent was not valid.