## STATE *vs.* EDWARD B. SMITH.

Under Pub. Stat. R. I. cap. 10, §§ 19, 20, as amended by Pub. Laws R. I. cap. 629, § 2, of April 19, 1887, the count of ballots made by the town council and the certificates issued thereon are *primâ facie* evidence of an election, but are not conclusive evidence.

Circumstances in which the court will prefer the count made by the moderator and supervisors.

Pub. Stat. R. I. cap. 87, § 22, provides that all town officers shall hold their offices until their successors are qualified to act. A town clerk was declared reëlected for another

year. On *quo warranto* he justified under the right to hold over, and also under the reëlection which the court found to have been fraudulent.

*Held*, that a qualified judgment of ouster should be entered against his holding office under the reëlection, but permitting him to hold over till his successor should be inducted into office.

QUO WARRANTO.

This was an information filed by the Attorney General on the relation of C. Fred Crawford, claiming to have been duly elected town clerk of the town of Lincoln, against the respondent, who was " using and exercising the office of town clerk." The information affected the same election as did the information in *State* v. *Kearn, ante,* p. 391, and the proceedings and orders in the two cases were the same.

*July* 3, 1891. STINESS, J. For reasons stated in *State* v. *Kearn et als., ante,* p. 391, the one hundred and ten thin or tissue ballots counted for the respondent must be rejected. But this does not determine his title to the office of town clerk of the town of Lincoln, under the election of June 1, 1891. After rejecting these ballots, he would, according to the count of the town council, still have a majority of the votes. The question then comes, whether the evidence shows that the count by the town council was correct, to the extent of sustaining the certificate of election given to him as the result of the count, under which he sets forth in part his title to the office. By Pub. Stat. R. I. cap. 10, §§ 19, 20, where towns are divided into voting districts, the votes are to be returned by the moderators of the several districts to the town council, which is to count them and declare the result. This is the official count, upon which a certificate of election is given. Such certificate, however, is only evidence of an election, and not a conclusive declaration of title; for if it were, this proceeding could never be maintained to test the right to an elective office. *Attorney General* v. *Megin,* 63 N. H. 378 ; *People* v. *Van Slyck,* 4 Cow. 297. It is also *primâ facie* evidence, since the court will not question the action of the town council until some reason for so doing shall appear, in a proper proceeding. In this case evidence is offered to show that the count of the town council was incorrect. The town of Lincoln is divided into two voting districts. As to District No. 2, no question is made of the correctness of the count as shown in the official return, which gave 223 votes for the respondent Smith, and 161

for the relator Crawford. In District No. 1, the official return, leaving out the 110 illegal ballots, gave 1043 for Smith, and 1139 for Crawford ; making a total for Smith of 1266, and for Crawford 1300. The count of the town council gave Smith 1422 votes, and Crawford 1279. According to the former count Smith was not elected ; according to the latter count he was elected. The question then is, which count was correct ? The evidence shows that, in District No. 1, supervisors on each side counted the ballots interchangeably, thus verifying the count, and that the moderator afterwards counted all the straight Republican and scratched ballots himself ; the count of the straight Democratic ballots, being vouched for by both sides, he took from the supervisors. It appears that great care was taken with this count, and that both the count and the totals were verified either by a supervisor or the moderator. There was little chance, therefore, that an error could escape detection. It was quite different from an ordinary count simply by a moderator and clerk.

In the council, packages of votes were distributed among the members, counted, and then interchanged ; the result in some instances being called out to the town clerk, and in others marked upon the package, from which the number was taken by the town clerk, who kept the only tally. The method of verifying the number of ballots in a package was good enough, but there was no verification at all of the accuracy in taking down these numbers. This is one of the most important parts of a count, and it was left to one who was not only an interested party, but also not a member of the council, and without any supervision whatever. Without making any question of honest intention, it would be very easy to make a mistake by entering a wrong number, or by putting a number in the wrong column ; and as the work was done, no one could tell whether the result was right or wrong. The president of the council went over the addition, but he had no means of knowing whether the numbers were correctly put down. The looseness of this procedure gives much less reliability to the result obtained by the council, than to the procedure at the original count, where every step was verified by officers of opposing parties. Moreover, the time taken by the moderator, clerk, and supervisors, in sorting and counting the ballots, six persons in all, was several

hours, while the seven members of the council gave it only about one hour, which shows the greater thoroughness of the former count. We are therefore led to the opinion that the original count was the more careful, accurate, and reliable. Our conclusion from the evidence is, that such count was correct, rather than that of the council, and, consequently, that the respondent Smith did not receive a majority of the votes cast, and was not elected town clerk of the town of Lincoln at the election held June 1, 1891. Inasmuch, however, as, under Pub. Stat. R. I. cap. 37, § 22, all town officers hold their offices until their successors are qualified to act, and it appears that the respondent Smith was town clerk for the preceding year, and no successor has as yet been qualified to act, the judgment of ouster will be limited to his holding or exercising the office of town clerk under the certificate dated June 1, 1891, which forms a part of his justification of title. Our examination of this question does not disclose a case like the one before us ; but we see no way to give effect to the statute otherwise than by a limited judgment. The old English rule was, if any issue was found for the crown, judgment of ouster would follow. The respondent has put in issue his title under the election of June 1, 1891, and the people have the right to know whether such title is good or not. If the judgment of ouster should be absolute, the town would be left without a town clerk before a successor should be qualified to act, which is the very thing the statute is intended to prevent. If the information should be dismissed, because the respondent may lawfully hold the office temporarily until a successor is qualified, that would always be a defence, and so his right under the contested election might not be determined at all. If the defence had been simply the right to hold until the qualification of a successor, which, under the pleadings, would have been equivalent to a disclaimer under the last election, doubtless no judgment of ouster could have been entered ; for there would have been nothing upon which it could operate. The respondent's holding would then have been merely *locum tenens,* as it is now left under this opinion. We see no reason why a judgment may not properly be limited to an issue which involves a permanent right, although under another issue, which involves only a temporary right, an absolute judgment of ouster could not be entered, because of our statute authorizing

the holding of an office until a successor is qualified to act. Such qualification would not be likely to occur before the question of the contested election had been settled.

In *King* v. *Clarke*, 2 East, 75, Lord Kenyon suggested that a limited judgment might have been entered upon a prior information, where the holding for one portion of time was legal and for another illegal. In *Rex* v. *Biddle*, 2 Stra. 952, such a judgment was ordered, though the authority for it seems to have been found in the terms of the statute of Anne. We think it is the proper course in this case. It is surely in the line of order and certainty, which the law always seeks to guard.

Let judgment be entered as herein indicated, without costs.

Judgment entered *July* 25, 1891, as of *July* 3, 1891. *The above entitled information having on the 26th and 27th days of June,* 1891, *been tried before the court, and said court having ordered judgment entered in accordance with the opinion of said court on file in said cause; therefore it is adjudged that the defendant, Edward B. Smith, in and so far as his title to the office of town clerk of the town of Lincoln in said county shall depend upon the votes cast at the annual election in said town of Lincoln for the year* 1891, *do not in any manner intermeddle with or concern himself about the office, liberties, privileges, and franchises of town clerk of said town of Lincoln in respect of which said information has been filed; but that the said Edward B. Smith be absolutely forejudged and excluded, so far as his title to the office of town clerk of said town of Lincoln shall depend upon said annual election, from exercising or using the same, or any of them, for the future. And it further appearing that under an election held in June,* 1890, *said Edward B. Smith duly qualified and held said office, and that he was, under said election, entitled to hold office until his successor is duly qualified to act, and it appearing that no successor has yet been qualified to act in said office, it is therefore further ordered, adjudged, and decreed, that said Smith is entitled to hold said office as town clerk until his successor is duly qualified to act; and that said respondent, by virtue of his said last-named title, is not usurping the said office of town clerk, and, therefore, in so far as said information prays that said re-*

*spondent be excluded and ousted from said office of town clerk of the town of Lincoln and from further holding and exercising said office, the same is denied.*

*Nicholas Van Slyck, Benjamin M. Bosworth & Cyrus M. Van Slyck,* for relators.

*Edward D. Bassett, John M. Brennan & James F. Murphy,* for respondent.