MICHAEL A. NEY *et al. vs.* SAMUEL WHITLEY *et al.*

PROVIDENCE—NOVEMBER 5, 1904.

PRESENT: Tillinghast, S. A. J., Douglas and Blodgett, JJ.

(1)    *Quo Warranto.    Public Offices.    Private Relators.*

In the first instance, *quo warranto* proceedings to determine the title to public office on behalf of the State, and not on behalf of one who claims title to it himself, should be brought by the attorney-general.

(2)    *Wardens and Clerks.    Political Parties.    Elections.*

*Semble,* Pub. Laws cap. 798, § 4, provides: "At least 10 days prior to every election there shall be appointed by the board of canvassers and registration of said city (Providence) a warden and clerk for each voting district who shall be of different political parties, and four supervisors of election for each voting district from lists to be submitted to said board in manner as now provided by law to be submitted to the board of aldermen of said city, and who shall severally be qualified electors in the voting district in which they shall be appointed:—

*Held,* that the only restriction upon the power of appointment of wardens and clerks imposed by said section was that they should be members of different political parties, and the board was not required to so appoint from nominations submitted by the different political committees.

PETITIONS in the nature of *quo warranto*. Petitions dismissed.

PER CURIAM.  These are petitions, brought by the democratic ward committees of the second, fifth, sixth, and tenth wards of the city of Providence, under the provision of chapter 263 of the General Laws, in the nature of *quo warranto* proceedings, to test the title of the wardens and clerks appointed by the board of canvassers and registration in said city, under the provision of section 4 of chapter 798 of Public Laws.  So much of said section as applies to this proceeding is as follows:

"At least ten days prior to every election there shall be appointed by the board of canvassers and registration of said city a warden and clerk for each voting district who shall be of different political parties, and four supervisors of election for each voting district from lists to be submitted to said board in manner as now provided by law to be submitted to the board of aldermen of said city, and who shall severally be qualified electors in the voting districts in which they shall be appointed to serve, and who shall severally be able to read the constitution of the State in the English language and to write their names."

Inasmuch as the same question is presented in each case, the petitions are, by agreement, consolidated and tried together.

The question involved is whether appointments of wardens and clerks are to be made from nominations submitted by the different political committees, or whether the board is unrestricted in its appointment in that respect.

The language of the statute, we observe, refers only to "lists to be submitted to said board in manner as now provided by law to be submitted to the board of aldermen of said city." The act took effect June 3, 1900; and at that time no lists of nominations for wardens and clerks were by law provided to be submitted to the board of aldermen of said city, inasmuch as those officers were then elected by the people.

The petitioners contend, however, that the provision as to the submission of lists of candidates for the offices of supervisors which was then required to be made for the consideration of the board of aldermen should be construed to include lists of candidates for the office of warden and clerk which are to be taken from like lists under the act in question.

This contention does not avail them; for in *McDermott* v.

*Lapham*, 18 R. I. 295, decided in 1893, upon a state of facts similar to the case at bar, supervisors were nominated by both the republican and democratic committees and the appointment was made of supervisors whose names were not on either list, and the court held the appointment to be valid, notwithstanding, observing as follows: "The provision that they are to be selected from a list presented by the town committees of the opposite political parties appears to be incidental to the appointment, as affording a convenient mode of furnishing names to the council from which to make a selection. It would apparently be their duty to make the appointment whether the lists were presented to them or not."

Section 32 of cap. 11, Gen. Laws of 1896, expressly provides that in the event that no lists of nominations for supervisors are seasonably submitted by any such political committees, then the appointment may be made from any qualified electors of such political party.

But even if the board were so restricted in the matter of supervisors, it is clear that the restriction does not extend to wardens and clerks.

On the contrary, the only restriction upon the power of appointment of wardens and clerks imposed by this section upon the board of canvassers and registration is that the appointees shall be members of different political parties. By section 1 of cap. 1078, Pub. Laws, "a political party is hereby defined to be one which at the next preceding annual election of state officers cast for its candidate for governor at least two per cent. of all the votes cast in the state for that officer." And it accordingly follows that, if appointments of wardens and clerks are made of members of such a political party, by whatever title known, they are valid appointments.

(1) Owing to the nearness of the day of election and the importance of the question raised, we have thought it proper to express our opinion upon the merits of these petitions, although it is entirely clear that the petitioners have no standing before the court in proceedings of this nature. They do not claim the offices themselves, nor do they aver that the attorney-general has refused to allow the use of his name in behalf of the State.

In the first instance, *quo warranto* proceedings to determine. the title to public office on behalf of the State, and not on behalf of one who claims title to it himself, should be brought by the attorney-general.

Petitions denied and dismissed.

*George T. Brown, Daniel A. Colton, Edward M. Sullivan,* and *Peter C. Cannon,* for petitioners.

*Francis Colwell, Albert A. Baker,* and *Henry C. Cram,* for respondents, the board of canvassers, &c.