ALLSTON E. THORPE *vs.* WARREN R. FALES.

December 7, 1911.

PRESENT: Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

*(1) Ballots. Elections.*

A cross in one circle on a ballot is nullified by a cross in another circle on the same ballot and the ballot must be rejected, even if the nominees are identical in the two columns.

Ballots marked (a) with a cross in the circle, and a second cross below the circle and to the right of it; (b) with a cross in the circle and crosses to the right of the name of every candidate in that column and to the left of the name of every candidate except three; (c) with individual crosses to the right and to the left of each candidate in the column; were properly rejected.

A ballot is properly rejected which is marked with crosses to the left of the names of candidates in the column, although it shows an attempt to erase some of the crosses so marked on the left, since Gen. Laws, 1909, cap. 11, § 44 provides for ballots spoiled through inadvertence.

PETITION IN EQUITY in nature of quo warranto.

BLODGETT, J. This is a petition in equity in the nature of proceedings in *quo warranto* under the provisions of cap.

328, Gen. Laws, 1909, to determine the title to the office of third member of the town council of the town of East Providence.

At the annual election of town officers in said town held on November 7, 1911, the petitioner Allston E. Thorpe was the regular Democratic candidate for said office and was also a candidate therefor under the heading on the ballot "Progressive Citizens Nomination Papers," and the respondent Warren R. Fales was the regular Republican candidate for the same office and there were no other candidates therefor. By the official count made by the town council it was declared that Thorpe had received 1213 votes therefor and that Fales had received 1214 votes and was declared elected by a plurality of one vote. Thorpe now questions in this proceeding the legality of the action of the council in respect of seven ballots only, of which five were rejected entirely by the council and not counted for either candidate and of which two were counted in favor of Fales, which Thorpe claims should not have been so counted.

(1) Three of these rejected ballots were marked with a cross in the circle under the star, the Democratic emblem, and in addition had a cross in the circle over the designation "Progressive Citizens Nomination Papers." We are of the opinion that the ballots were properly rejected and disallowed by the town council. Sec. 43, cap. 11, Gen. Laws 1909, provides *inter alia* as follows: "When a voter has placed a cross (X) in any one circle, *and has not made any mark in any other circle,* such cross (X) shall be counted as a vote for each of the candidates in the column above which it is placed except for those candidates whose names have been cancelled." The inference is plain that a cross in a given circle on the ballot is nullified by a cross in another circle on the same ballot and the ballot must be rejected. *Gainer* v. *Dunn,* 29 R. I. 239, 242 and cases cited. This is true even if the nominees were identical in the two columns, but in the case at bar while the nominees on the "Democratic" and "Progressive Citizens Nominations Papers"

columns were identical so far as certain nominations for the different offices to be filled at that election were concerned, yet on the latter column, there were no nominations for certain other offices to be filled.

Two others of the rejected ballots were marked as follows: one with a cross in the circle under the star (the Democratic emblem) and in addition having a second cross below the circle and to the right of it, and the other having a cross in the circle under the star, and having also crosses both to the right of the name of every candidate on the Democratic ticket and also crosses to the left of the name of every candidate on the same ticket except three. We are of the opinion that these ballots were properly disallowed. *In Re The Ballot Marks*, 18 R. I. 822, this court said: "Section 18 provides that the elector 'shall prepare his ballot by marking in the appropriate margin a cross opposite the name of the candidate of his choice for each office to be filled.' This requirement is both explicit and easy of observance. If complied with, there can be no uncertainty in regard to the elector's intention. Moreover, a cross so placed affords no means of subsequently identifying the ballot, as it might if placed in a different position from that directed. The placing of any mark by a voter on a ballot, by which it may be identified as the one voted by him, is prohibited by said section 18.

"We are still of the opinion as stated *In re the Vote Marks*, 17 R. I. 812, that to give validity to a ballot the cross must be inscribed on it to the right of a name printed or written on it and opposite to the name."

The objection raised by the petitioner to one of the two ballots counted for the respondent is that the marking in the circle was so indistinct that it was difficult to determine that it was a cross. An inspection of the ballot in question satisfies us that it is properly marked with a cross in the circle under the eagle (the Republican emblem) and not otherwise, and was properly counted for the respondent Fales.

The last ballot to be considered is one which was counted for the respondent, but was marked with individual crosses to the right and to the left of each candidate on the Republican column. It differs in form from one of those previously described and held to be properly rejected in this, that there is no cross in the circle at the head of the column and that there appears to have been some attempt made to erase some of the crosses at the left of some of the names. But we are of the opinion that the legal effect of the crosses to the left of the names in each case is the same and sec. 44 of said cap. 11, provides *inter alia* "If any voter inadvertently spoils a ballot, he may obtain another upon returning the spoiled one and satisfying the officer of the fact of the inadvertence." We are therefore of the opinion that this ballot was improperly counted for the respondent Fales and should not have been counted for either candidate.

Inasmuch as the plurality for Fales was a plurality of but one vote it follows that the result of the rejection of this ballot is to give to each candidate 1213 votes and that there was no choice of said councilman at said election.

Sec. 3 of cap. 328, Gen. Laws, 1909, under which this proceeding is instituted is as follows: "In all such proceedings the court shall enforce its judgment by appropriate process: and whenever it shall find that no election was made, it may order a new election in all cases where new elections are required by law to be held upon failure to elect in the first instance."

It follows accordingly that an order for a new election must be made and the same is hereby ordered to be holden for said office in said town on the ninth day of January, 1912, in accordance with law.

*Terence M. O'Reilly*, for petitioner.

*Charles A. Wilson, Percy W. Gardner, Harmon S. Babcock*, for respondent.