STATE OF RHODE ISLAND, HERBERT A. RICE, Attorney
General, *ex rel.* CHARLES H. SPRAGUE *vs.* TOWN COUNCIL
OF TOWN OF WEST WARWICK.

NOVEMBER 27, 1918.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, and Stearns, JJ.

*(1)   Elections.   Ballots.   Board of Canvassers.*

A town council sitting as a board of canvassers counted the votes for town
council, and found that there had been no election for the office of first
councilman.   The other four new members qualified.   On *certiorari*, certain
ballots rejected by the board of canvassers were found to be legal ballots.

*Held,* that the members of the former town council still comprised the board of
canvassers upon whom devolved the duty to complete their record in the
respects indicated by the court.

*(2)   Elections.   Ballots.   Board of Canvassers.*

Where six ballots were rejected by a board of canvassers as bearing identifi-
cation marks, and on *certiorari* the court found that three of such ballots
were improperly rejected, no claim being made as to any other ballots, the
count as to the other ballots stands, and the only matter devolving on the
board of canvassers is to deal with the ballots improperly rejected and to
make its declaration in accordance with the opinion of the court.

MANDAMUS.   Writ issued.

VINCENT, J.   This is a petition for a writ of mandamus
brought by Herbert A. Rice, Attorney General of the State
of Rhode Island, upon the relation of Charles H. Sprague
of the town of West Warwick against Walter A. Hoxie,
Alfred Richard, Joseph E. Maynard, Eugene C. Baxter, and
George W. Godfrey.

At the election in the town of West Warwick on Novem-
ber 5, 1918, the name of Charles H. Sprague appeared on the
ballots as the republican candidate for first councilman and
the name of Frank P. Duffy as the democratic candidate for
that office.   On the day following the election the town
council met and, sitting as a board of canvassers, proceeded
to count the ballots cast at said election including those cast
for the respective candidates for the office of first councilman.
After rejecting six of the ballots cast for Sprague on the
ground that they were illegal and void because they bore

distinguishing marks, the board of canvassers found that each of the said candidates, Sprague and Duffy, had received an equal number of votes, whereupon it was declared by said board of canvassers that there was no election of first councilman and a record to that effect was accordingly made.

On November 7, 1918, Charles H. Sprague filed his petition. for writ of *certiorari* against the town council of the town of West Warwick which appears on the files of this court as Miscellaneous Petition 303. The record of the board of canvassers in that case disclosed that six ballots for Sprague had been thrown out as bearing distinguishing marks, leaving an equal number of votes for Sprague and Duffy and that there was no election for first councilman in the town of West Warwick.

After a hearing upon the petition for a writ of *certiorari*, this court handed down an opinion on November 20, 1918, in which it was held that three of the rejected ballots, exhibits 2, 4 and 5, were valid ballots and should have been counted for the petitioner, Charles H. Sprague, and that so much of the record of the town council of the town of West Warwick acting as a board of canvassers as declared that there was no election for first councilman and that the three ballots aforesaid were defective and void and could not be counted should be quashed.

The petition for a writ of mandamus now before us sets forth that Walter A. Hoxie and the other above mentioned respondents were on November 21, 1918, duly notified of the finding of this court upon the petition for a writ of *certiorari*, and also of the modification of a former restraining order, such modification permitting and authorizing the said Walter A. Hoxie to act as a member of said town council sitting as a board of canvassers, to complete the count of votes for office of first councilman of the said town of West Warwick, etc.; that said Walter A. Hoxie, president of the town council as aforesaid, has refused to call a meeting of said town council to act as a board of canvassers to complete the

count of said ballots as aforesaid for the office of first councilman as aforesaid; and that the other respondents named have refused and neglected and still do refuse and neglect to meet as a board of canvassers for the purposes before mentioned; and the petitioner prays for an order of this court to said respondents to show cause, if any they have, why a writ of mandamus should not issue requiring and commanding them immediately to call a meeting of the town council of the town of West Warwick to sit as a board of canvassers to complete the count of ballots cast for the office of first councilman of said town on November 5, 1918.

At the hearing upon the petition for a writ of mandamus the respondents appeared by counsel and objected to the issuance of such writ upon the ground that the town council of West Warwick, upon whom devolved the duty of counting the ballots and recording the result of such count, had gone out of existence and was *functus officio.* They argued that the board of canvassers having counted the votes for first councilman and declared the result of such count, and four newly elected members of the town council having qualified, there is now no existing board of canvassers competent to act in the matters now before this court. They further argue that the board of canvassers having counted the votes for first councilman, excluding certain ballots as defective, and declared the vote for first councilman to be a tie, the former first councilman elected in 1916 would hold over.

We cannot accept the view put forward by the respondents. We think that the members of the former town council still comprise the board of canvassers upon whom devolves the duty to complete their record in the respects indicated by this court in its opinion upon the petition for a writ of *certiorari.* Through certain errors committed by the board of canvassers in their count, three votes for Charles H. Sprague were improperly rejected as defective and were not counted as ballots for the office of first councilman. Having found that such ballots were improperly rejected and should have been counted for Charles H. Sprague it

naturally followed that the record of the board of canvassers to the effect that there was an equal number of votes for Sprague and Duffy and that there was no election for first councilman should be quashed and that the board of canvassers must give effect to the three ballots found to have been improperly rejected and make such a declaration and such a record as would be conformable to the opinion of this court.

(2)

The respondents contended at the hearing that if there was to be any further counting in the matter on the part of the board of canvassers that they should again count or recount the whole number of votes cast at the election for the office of first councilman. We do not see that another count of the whole number of votes cast for the first councilman is called for. The board of canvassers made its count and declared the result thereof, which was, that each candidate had an equal number of votes, six ballots having been rejected as bearing marks of identification. This court found that three of those ballots were properly rejected and three were improperly rejected. It is not claimed that the count of the other ballots was improper and such count therefore stands. The only question which was before us under the petition for the writ of *certiorari* was the validity of the six ballots before referred to and the only matter now devolving upon the board of canvassers is to deal with the ballots found to have been improperly rejected and to make its declaration and record in accordance with the opinion of this court heretofore rendered.

In the present case there would seem to be, in effect, little practical difference between the two forms of the order submitted for entry.

It has been argued that the respondents have shown a willingness, if not a desire, to evade the findings of this court as set forth in its opinion heretofore rendered upon the petition for a writ of *certiorari*, and to do things which would not be in conformity with the spirit thereof. We cannot assume that such a situation will arise. We think our former

opinion upon the petition for a writ of *certiorari* and the views which we have now here expressed set forth with sufficient clearness the duty which now devolves upon the respondents and that they will not disregard or undertake to evade that course of conduct in the matter which we have so explicitly pointed out.

A writ of mandamus is issued directing the respondent Walter A. Hoxie to forthwith call a meeting of the town council of the town of West Warwick as it was constituted on the 6th day of November, 1918, consisting of Walter A. Hoxie, Alfred Richard, Joseph E. Maynard, Eugene C. Baxter, and George A. Godfrey, to sit as a board of canvassers to complete the count of votes for the office of first councilman of the town of West Warwick cast at the election on November 5, 1918; and that the said Walter A. Hoxie and the other above named respondents, acting as a board of canvassers for the town of West Warwick, shall forthwith proceed to complete the count of the votes for the office of first councilman cast at the election on November 5, 1918; and upon the completion of said count forthwith declare and record the result thereof.

*Wilson, Gardner & Churchill*, for petitioner.

*Joseph C. Cawley, Patrick F. Barry, Town Solicitor*, for respondent.