209 A.2d 210.

NELSON F. ANDREWS *vs.* CARL STILES.

APRIL 19, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

JOSLIN, J. This is a petition in equity in the nature of quo warranto to determine as between the parties the right and title to the office of tax assessor of the town of Exeter which office the respondent presently holds. The petitioner seeks to oust him therefrom on the ground that he was not properly elected, and in addition asks us to confirm petitioner's title to that office.

From the agreed statement of facts upon which the cause was heard by us it appears that the parties were candidates for the office of tax assessor at the general election held on November 3, 1964 at which each of them received 376 votes. Stating in its vote that a vacancy existed in the office of tax assessor because of the failure of the electors at the general election to elect a tax assessor, the town council on November 13, 1964 appointed respondent to that office which he assumed on November 18, 1964. Subsequent to that appointment, but prior to respondent's taking office, petitioner on November 16, 1964, pursuant to G. L. 1956, §17-19-36, challenged the correctness of the earlier declaration of the result of the election as applied to him and petitioned the state board of elections to open the voting machines upon which his name appeared at the general election. Following that request, the state board on November 17, 1964 advised petitioner that the vote as previously tabulated was correct. Thereafter on November 24, 1964 the town council elected petitioner tax assessor. In the interval between the two appointments, however, the composition of the town council had changed and the persons who had been elected at the general election assumed office in replacement of the holdover members who had appointed respondent to the office of tax assessor.

At the outset we note that petitioner has incorrectly designated his petition as one in quo warranto. A petition

548

for quo warranto lies to oust an illegal incumbent from office and not to induct the legal officer into it. *State* v. *Lane,* 16 R. I. 620; *State* v. *Kearn,* 17 R. I. 391; *State* v. *Smith,* 17 R. I. 415; *Black* v. *Cummings,* 62 R. I. 361. It is a discretionary writ, *State* v. *Brown,* 5 R. I. 1, and requires the intervention of a public officer. *O'Brien* v. *Board of Aldermen,* 18 R. I. 113; *Ney* v. *Whitley,* 26 R. I. 464.

A petition in equity in the nature of quo warranto is a statutory proceeding which stands on a different basis. When brought by one who claims title to office and who seeks the ouster of the incumbent, it does not require the intervention of the attorney general. *Black* v. *Cummings, supra; McGroarty* v. *Ferretti,* 56 R. I. 152. Here petitioner seeks both the ouster of respondent and the confirmation of his own right and title to that office. Even though designated as a petition for quo warranto, it is in substance and form a petition in equity in the nature of quo warranto and will be so considered by us.

We now turn to the merits. The controlling statute is §45-4-9 which in pertinent part provides that: "In case any town shall, *on the day of any such election* for town officers, fail to elect any of the officers whom they may lawfully choose, except town clerk, town council, and town treasurer, the said officers shall be elected by the town council of the town at their next meeting * * *." (italics ours) The issue is when the failure to elect occurred.

The petitioner argues that the critical date for purposes of resolving that question is when the state board of elections, following a petition for a recount, announces the result of its retabulation of the votes, and he contends that respondent's appointment to the office by the holdover town council was void because it occurred on November 13, 1964 which was prior in time to the declaration by the state board of elections.

We find no merit in that contention. It is the votes which

determine elections. 2 Cooley, Constitutional Limitations (8th ed.) chap. XVII, p. 1405. Here, because of the tie vote there was a failure to elect. *Thorpe* v. *Fales*, 33 R. I. 394; *State ex rel. Sprague* v. *Town Council*, 42 R. I. 13. That failure occurred on election day. That result is not altered because a certificate of election may not issue until the expiration of the time fixed for petitioning for a recount or, in the event such a petition is filed, until it shall have been finally determined. Whether that certificate issues following the original tabulation by the local canvassing authority or subsequent to the recount by the state board of elections is of no concern. In either event it relates back to the time when the voters expressed their preferences at the polls, and whether there has been a failure to elect is determined as of election day.

There being a failure to elect on that day, the then incumbent town council at its next meeting, pursuant to the authority and the directive of §45-4-9, elected respondent to fill the vacancy in the office of tax assessor.

It is for the legislature and not for us to determine the wisdom of permitting the filling of vacancies by a holdover council whose membership may consist of a majority whose political persuasions are different from those elected as their successors.

In our opinion the respondent is legally entitled to the office of tax assessor in the town of Exeter, and the petitioner has no valid title in that office.

The petition is denied and dismissed, and on April 26, 1965 a decree in accordance with this opinion may be presented for entry by the court.