EDWARD O'BRIEN *et al. vs.* the MEMBERS of the BOARD OF ALDERMEN of the city of PAWTUCKET.

Candidates for municipal offices after two elections which resulted in no choice presented in their own names a petition for a writ of *mandamus* requiring the proper authority to order another election.

*Held,* that their personal interest in the election had no legal character which the court could recognize.

*Held*, further, that the petition should have been brought by the proper public officer.

*Held*, further, that the petition as brought was demurrable.

Mandamus for the enforcement of a purely public right or duty must be applied for by some proper public officer.

PETITION for a writ of *Mandamus.* On demurrer to the petition.

*December* 28, 1892. STINESS, J. The petitioners represent that they are citizens of Pawtucket and candidates for office in the second ward of said city, duly nominated according to the provisions of Pub. Laws R. I. cap. 894, of June 18; 1890, commonly called the "Municipal Ballot Reform Law;" that at the municipal election held November 8, 1892, there was no choice and another election was ordered for December 8, 1892, at which, also, there was no choice ; that a third election was then ordered for the first Wednesday in April next; the date of the annual State election ; that the time thus appointed, in view of the fact that the new city government is inducted into office on the first Monday in January next, is an unreasonable, vexatious and illegal postponement of said election and they ask for a *mandamus* upon the respondents to order a new election at a time to be fixed by this court. To this petition the respondents demur ; claiming, among other things, that the petition, being simply a private and individual petition is not in proper form. *Mandamus* was originally a prerogative writ, issuing only in the name of the king ; but in modern times it has been treated as a writ of right to enforce a duty whether public or private. Consequently, where some private, or personal right only is involved, the practice has grown up, both here and elsewhere, of allowing the parties having the peculiar interest to petition in their own names. But where applicants have only an interest in common with the rest of the public, and seek the enforcement of a purely public right, the question is now raised whether they can proceed by a private petition, as in this case.

There are many cases in which it has been stated that where the question is one of public right the people are re-

garded as the real party and the relator need not show any legal or special interest in the result ; that it is enough that he, as a citizen, is interested in having the laws enforced. *County of Pike* v. *The State*, 11 Ill. 202 ; *City of Ottawa* v. *The People*, 48 Ill. 233 ; *Hamilton* v. *The State*, 3 Ind. 452 ; *The People* v. *Collins*, 19 Wend. 56 ; *The People* v. *Halsey*, 37 N. Y. 344. These cases hold that any citizen may be a relator. But it is to be observed that in all these cases the proceeding is in the name of the State, upon the relation of the citizen. If the doctrine of these cases is that the use of the name of the State is purely formal and that the intervention of a public officer is not necessary, and we were to adopt that doctrine, we should have no hesitation in sustaining the present petition ; because, if the citizen has the right to use the name of the State upon his own relation, it is not substantially different from proceeding upon a petition in his own name. In *Portland Stone Ware Co.* v. *Taylor*, 17 R. I. 33, it was held that a creditor was a proper applicant for the writ against a treasurer who had been ordered to pay the petitioner's bill and, although the form of proceeding was not then questioned and the petitioner had a special interest, most of the cases cited above were referred to as examples of the extent to which some courts had gone in holding that the applicant need not show a special interest, even in seeking the performance of a public duty. In *Sanger* v. *County Commissioners of Kennebec*, 25 Me. 291, it is laid down that a private individual can apply for *mandamus* only where he has some private or particular interest to be subserved or some particular right to be pursued or protected, independent of that which he holds in common with the public at large ; and that it is for public officers, exclusively, to apply for the writ where public rights only are to be subserved. The same rule was held in *Heffner* v. *Commonwealth*, 28 Pa. St. 108 ; *People* v. *Regents of the University of Michigan*, 4 Mich. 98, with a qualification in case a public officer was absent or refused to act without good cause ; *People* v. *Inspectors and Agent of State Prison*, 4 Mich. 187. See also *Demarest* v. *Wickham*, 63 N. Y. 320 ; *Doolittle* v. *Supervisors of Broome*

*County*, 18 N. Y. 155; *Wellington et al., Petitioners*, 16 Pick. 87; *Bates et al. v. Overseers of the Poor of Plymouth*, 14 Gray, 163. We think the better reason, if not the weight of authority, is in favor of this rule. The burdens of public office are sufficiently serious in themselves to make the best men of almost every community reluctant to assume them; but if in addition, public officers are liable to be brought into court at the call of every citizen, who may think he has a grievance in the non-enforcement of a purely public duty, such burdens will be greatly enhanced. Public officers are appointed to enforce the laws. It is to be presumed that they will do their duty. If they omit to do it application can be made to the proper official to compel them to do it. But in the first instance the duty to move in the enforcement of a public right should be upon a public officer. This is not only more consistent with our form of government and more orderly in its method, but it prevents the annoyance and expense which would be incident to a rule allowing any citizen to be a prosecutor. Such a rule stands upon the ground of public policy and it has been so far approved in this State as to prevent an individual taxpayer from seeking to enjoin the collection of an alleged illegal tax, upon the ground of public policy as well as that of a private remedy. *Sherman* v. *Leonard*, 10 R. I. 469; *Greene* v. *Mumford*, 5 R. I. 472. Also that a suit in equity cannot be brought by private persons to prevent an injury to a public right, but that such a suit must be brought by a properly authorized public officer; see *Mowry* v. *City of Providence*, 16 R. I. 422. In principle that case is identical with the case at bar. If individuals may be prosecutors and a suit should be brought by one, which should fail, it would be no bar to a suit by another who was not a party to the first one. Successive suits might therefore be brought by different persons even though the first suit should show that there was little or no prospect of success. The imposition of costs is not a sufficient legal regulator for such a possibility. Suits for the public should be placed in public and responsible hands. This is the rule in *quo warranto*, which is strongly analogous. But in *quo warranto* there is

even a greater reason for allowing a private prosecutor, because, almost always, there is a contestant whose claim of right to the office in question determines the title of the respondent. Yet the practice of requiring the intervention of a public officer in that proceeding is uniform and points significantly to the proper method to be adopted in other proceedings involving purely public duties.

But it is claimed in this case that these petitioners, from the fact that they are candidates for office, have a personal interest which gives them a standing before the court. We do not see that this is so. They may indeed have a strong personal interest in the result, but not of that legal character which a court can recognize. The ballot law provides for the ascertainment of candidates simply for the purpose of printing the ballots. It does not give the candidate any new rights or place him in any substantially different position in regard to enforcing a public right from a candidate under the previous law. He still remains as one of the public simply, except that his name has been duly presented for printing upon the official ballot. We are therefore of opinion that these petitioners have no such special interest, distinct from the public at large, as to entitle them to petition in their own names, and that a petition for the enforcement of a purely public right or duty should be brought by the proper public officer, to whom it appertains to see to the enforcement of the right or duty in question.

*Demurrer sustained.*

*Claude J. Farnsworth & Thomas W. Robinson,* for petitioners.

*Arnold Green, Thomas P. Barnefield & James L. Jenks,* for respondents.