## APPENDIX.

Request of WILLIAM H. CASWELL, clerk of the court in Washington county, for advice regarding his duty to furnish a copy of the proceedings in a divorce case.

The judicial records of the state should always be accessible to the people for all proper purposes, under reasonable restriction as to the time and mode of examining the same ; but no one has a right to examine or obtain copies thereof from mere curiosity, or for the purpose of creating public scandal.

The clerk of the court is advised not to furnish a copy of the proceedings in a divorce case to the reporter of a newspaper who requested it "for publication or otherwise."

*Providence, December* 20, 1893.　TILLINGHAST, J. At the November session of this court in Washington county, the petition for divorce of *Eva M. Lee* v. *Thomas Z. Lee* was heard and granted.　Shortly thereafter, as represented by William H. Caswell, clerk of the court in that county, a reporter for a Woonsocket newspaper requested him to furnish a copy of all the proceedings in said case "for publication or otherwise," and he now asks the advice of the court as to his duty in the premises.

At common law, every person is entitled to the inspection, either personally or by his agent, of public records (this term including legislative, executive and judicial records, etc.) provided he has an interest therein which is such as would enable him to maintain or defend an action for which the document or record sought can furnish evidence or necessary information.　It is not essential, however, "that the interest be private, capable of sustaining a suit or defence on his own personal behalf ; but it will be sufficient that he act in such suit as the representative of the common or public right." 20 Amer. & Eng. Encyc. Law, 522–523, and cases cited. By statutes of the United States, (see act of Aug. 12, 1848, 9 U. S. Stat. cap. 166, p. 292) and also of several of the states, the necessity of interest has been done away with, and any person may examine public records and take memoranda therefrom.　*In re Chambers*, 44 Fed. Rep. 786 ;

*State* v. *Rachac*, 37 Minn. 372 ; *Hanson* v. *Eichstaedt*, 69 Wis. 538 ; *Lum* v. *McCarty*, 39 N. J. L. 287 ; *Newton* v. *Fisher*, 98 N. C. 20. As there is no statute in this state, however, regulating this matter, the common law rule above stated, in so far as it is applicable here, is doubtless in force. Whether or not we should be willing to go to the full extent thereof, we are not now called upon to decide. But it is clearly within the rule to hold that no one has a right to examine or obtain copies of public records from mere curiosity, or for the purpose of creating public scandal. To publish broadcast the painful and sometimes disgusting details of a divorce case, not only fails to serve any useful purpose in the community, but on the other hand directly tends to the demoralization and corruption thereof, by catering to a morbid craving for that which is sensational and impure. The judicial records of the state should always be accessible to the people for all proper purposes, under reasonable restrictions as to the time and mode of examining the same, but they should not be used to gratify private spite or promote public scandal. And, in the absence of any statute regulating this matter, there can be no doubt as to the power of the court to prevent such improper use of its records. We advise the clerk that he should not furnish a copy of the case referred to for the purpose named.

All the judges concur in this opinion.