MARK M. DINTENFASS *vs.* AMBER STAR FILMS CORPORATION
*et al.*

JANUARY 17, 1917.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

(1)   *Mandamus.*

The writ of *mandamus* is prerogative in its character and its issuance is discretionary, and it will not be ordered when in the opinion of the court it will operate unjustly.

(2)   *Mandamus. Corporations. Adversary Interests.*

Petitioner who was the president and a director of respondent corporation, asked for a writ of *mandamus* to compel the corporation and certain of its officers to allow him to inspect the books and correspondence of the cor-

poration. Respondents consented except as to correspondence relating to litigation between the respondent corporation and the petitioner.

*Held*, that it would be unjust to compel the respondents to submit the correspondence which had passed between the corporation and its officers and attorneys, relative to the conduct of the litigation, to the petitioner who had become an adversary party to it.

*(3) Mandamus.*

Where the court has issued a writ of *mandamus* directing the inspection of books and papers with certain exceptions, it will not assume that the respondent will not strictly comply with the mandate and refer the cause to a master to determine what books and papers are within the order.

MANDAMUS. Writ issued.

SWEETLAND, J. This is a petition for a writ of *mandamus* to compel the Amber Star Films Corporation and its secretary, treasurer and assistant-treasurer to allow the petitioner an opportunity to inspect the by-laws, minute books, books of account, contracts, correspondence and other books and papers belonging to the defendant corporation. The petitioner alleges that he is the president and a director of said corporation and as such officer and director is entitled to inspect said books and papers.

It appears that the first meeting of said corporation was held on August 11, 1916; that at said meeting, among other things done, by-laws were adopted and one Herbert S. Tillinghast was elected president and a member of the board of directors of said corporation. On August 25, 1916, said Tillinghast resigned as president and director. Article III, Section 1 of the by-laws of said corporation provides as follows: "In case of any vacancy in any office, caused by resignation or otherwise, such vacancy may be filled by the board of directors, and in case of any vacancy in the board of directors, the remaining directors may elect to fill such vacancy until the annual meeting or a special meeting of the stockholders."

At a meeting of the board of directors on August 25, 1916, following the resignation of said Tillinghast, the petitioner was elected president and a director by said board in place and stead of said Tillinghast. Disagreements arose later

between the petitioner and other stockholders and directors, including the officers of the corporation who are respondents here. At the instance of the defendant corporation legal proceedings were commenced in the state of Florida, where some of the business of the corporation is carried on, against one Louis Burstein, a director of the corporation, for alleged illegal acts against the corporation. It is claimed by the respondents that this petitioner was associated with said Burstein in some of said illegal acts. Through actions at law instituted in the state of New York by the petitioner, and by a corporation controlled by the petitioner and said Burstein, a large amount of the property of said corporation has been attached. By legal proceeding against the defendants instituted in the United States District Court for the District of Rhode Island the petitioner seeks to have said court wind up the affairs of the defendant corporation. Following the matters just recited, on December 2, 1916, at a special meeting of the stockholders of said corporation "the actions and doings of the board of directors" held previously on the same day were "ratified, approved and confirmed." At said meeting of the board of directors it had been voted that, owing to the conduct of the president, Mark M. Dintenfass, detrimental to the interests of the company, he be removed from the office of president, that said office be declared vacant. On December 14, 1916, at a special meeting of the stockholders the petitioner was removed as director and the place declared vacant. The petitioner claims that these attempts to remove him from his offices were illegal; that proper notices of said meetings were not given to the stockholders, and that no charges were preferred against him. The petitioner thus raises the issue as to whether he was legally removed from either the office of president or that of director. As the matter has developed before us, we are of the opinion that it is neither necessary nor desirable to determine that issue in this proceeding. That question is involved in other litigation pending between the parties in other courts. Upon the slight evidence before

us as to the conduct of the petitioner, and as to the warrant which he had for his actions, we are of the opinion that we ought not to affect the position of the parties in other proceedings by a determination which is entirely unnecessary at this time, in the view which we take of the matter before us. Also the question as to what construction should be given to the by-law quoted above, providing for the filling of vacancies by the board of directors, has not been argued before us, particularly with respect to the term of the officer or director so elected to fill a vacancy, and with respect to the power of the stockholders, at a subsequent special meeting to declare the office vacant without notice and without preferring charges against such officer or director.

At the beginning of the first hearing of this case the respondents, not insisting upon their claim that the petitioner had been removed from said offices, consented to the entry of an order authorizing the petitioner to examine certain of the books and papers of the respondent corporation and such order was entered. At the next hearing it appeared that under said order the petitioner by his attorneys and accountants had examined what the respondents stated were all the books and papers of said corporation except certain pay roll books contained in a safe to which the respondents did not have the key, and also except the correspondence of the corporation. As to the pay roll books the respondents, at the second hearing, said that they had then obtained the key to said safe and that the petitioner or his attorneys were at liberty to inspect said pay roll books. As to the correspondence of the corporation the respondents said that they made no objection to an inspection by the petitioner of all said correspondence except such as relates to litigation between the corporation on one side and the petitioner and those with whom he is associated on the other. In our opinion this position of the respondents is a reasonable one. Admitting for the purpose of this consideration that the petitioner still remains the president and a director of the respondent corporation he has become an adversary party

to the corporation in litigation pending between him and it. It would be manifestly unjust and unfair to compel the respondents to submit to the petitioner for his inspection the correspondence which has passed between the corporation and its officers and attorneys relative to the conduct of said litigation.

With us the writ of *mandamus* is prerogative in its character, and its issuance is discretionary. We will not order it when in our opinion it will operate unjustly. The respondents are willing that the petitioner should inspect all the books and papers of said corporation except the correspondence relating to said litigation; and whatever may be the official position of the petitioner in this corporation we would not order a writ of broader scope. A peremptory writ of *mandamus* will issue directing the respondents to permit the petitioner to inspect all the books and papers of the respondent corporation except the correspondence which has passed between said corporation and its officers, attorneys, agents or others relating to the litigation named herein.

The petitioner urges that, if any books or papers are excepted from the order of the court, the determination of what is properly within the exception should not be left to the discretion of the respondents, but that all the books and papers should be turned over to a master and the determination should be made by him. Such procedure is not applicable here. The mandate to be contained in the writ is plain, and we shall not assume that the respondents will not strictly comply with it.

The writ will issue as above directed.

*Green, Hinckley & Allen,* for petitioner.

*James Harris, Irving Champlin,* for respondent.