ERNEST E. DUPRE *vs.* JOHN F. DORIS *et al.*

JUNE 3, 1942.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

PER CURIAM. This is a petition to the superior court for a writ of mandamus to be directed to the respondents, as

the members of the board of canvassers and registration of the city of Woonsocket, and commanding them, as such board, to issue forthwith a warrant or call for a special election to be held in that city for the purpose of filling the vacancy in the office of mayor caused by the death of the late mayor, Henri A. Roberge. The petitioner brought and has pressed this petition solely as a citizen of this state and a qualified elector of that city.

The matter was heard, on demurrer to the petition and also on evidence, before a justice of the superior court, who overruled the demurrer *pro forma* and rendered a decision in favor of the petitioner, on the evidence, granting the petition and ordering a peremptory writ of mandamus to issue as prayed. Later such writ was issued, in which the respondents are commanded to issue forthwith a warrant or call for a special election to be held for the purpose stated in the petition and the matter is now before us on the appeal of the respondents.

One of the principal grounds upon which the respondents contend that the overruling of the demurrer was erroneous is that the petition was brought by the petitioner solely as a citizen of this state and a qualified elector of the city of Woonsocket to enforce a purely public right and had not been brought by the attorney general, on the relation of the petitioner or otherwise.

In answer to this contention the petitioner relies on the fact that the statement was made in his petition and verified by his oath thereto, and was not denied by the respondents, that he had "requested the Attorney General of the State of Rhode Island to bring a petition similar to this in his official capacity but the latter has refused to do so." He insists that on account of that fact alone he had the right to file and prosecute the petition in his own name as a citizen of the state and a qualified elector of the city of Woonsocket.

The determination of the question of law thus raised between the respective parties is a vital one and must depend

upon whether a rule of law in accordance with the respondents' contention was laid down by this court in *O'Brien* v. *Board of Aldermen*, 18 R. I. 113, as a part of the law of this state and still remains in force.

In that case the petitioners, as citizens of the second ward of the city of Pawtucket and candidates for offices therein at a regular and two special municipal elections, at none of which was any choice made, filed in this court a petition for a writ of mandamus upon the respondents to order a new election. A demurrer to the petition having been filed, the court stated in the following sentence the question at issue: "But where applicants have only an interest in common with the rest of the public, and seek the enforcement of a purely public right, the question is now raised whether they can proceed by a private petition, as in this case."

This court then said, at page 114: "There are many cases in which it has been stated that where the question is one of public right the people are regarded as the real party and the relator need not show any legal or special interest in the result; that it is enough that he, as a citizen, is interested in having the laws enforced." It cited a number of cases supporting that doctrine.

This court then said, at page 115: "If the doctrine of these cases is that the use of the name of the State is purely formal and that the intervention of a public officer is not necessary, and we were to adopt that doctrine, we should have no hesitation in sustaining the present petition; because, if the citizen has the right to use the name of the State upon his own relation, it is not substantially different from proceeding upon a petition in his own name."

The court, at page 117, stated its conclusion thus: "We are therefore of opinion that these petitioners have no such special interest, distinct from the public at large, as to entitle them to petition in their own names, and that a petition for the enforcement of a purely public right or duty should be brought by the proper public officer, to whom

it appertains to see to the enforcement of the right or duty in question." The court therefore sustained the demurrer to the petition.

This court, in its opinion in that case, recognized that there were two opposing lines of authority on this question of the right of such an applicant, seeking the enforcement of a purely public right, to petition for a writ of mandamus and it cited cases on both sides, calling attention to the fact that in each of the cases cited in which it was held that the relator need only be a citizen, and need not show any legal or special interest in the result, the proceeding was in the name of the state on the relation of the citizen.

On the other hand, the cases cited, in that opinion, from Maine, Massachusetts, Michigan and Pennsylvania clearly laid down and applied the following rule, as stated by this court at page 115, which they were there cited as having laid down, viz.: "that a private individual can apply for *mandamus* only where he has some private or particular interest to be subserved or some particular right to be pursued or protected, independent of that which he holds in common with the public at large; and that it is for public officers, exclusively, to apply for the writ where public rights only are to be subserved."

In the instant case the petitioner states in his brief that in the *O'Brien* case this court said that "in the first instance" the duty to move in the enforcement of a public right should be upon a public officer; and from this he argues as follows: "The implication is that if in the first instance the public officer is unwilling to act in the premises, some one else may do so." But a careful reading and consideration of the opinion in that case has convinced us that any implication that, if the attorney general refuses to proceed in a case like the present one, a private individual may do so would clearly be contrary to the reasoning upon which the decision in that case was based.

Our conclusion is that in that case this court adopted and applied the rule which was laid down and applied in the

cases therein cited from Maine, Massachusetts, Michigan and Pennsylvania, and which is above stated.

The petitioner in the instant case relies on certain language in the opinion of this court in *Williams* v. *Champlin,* 26 R. I. 416, as constituting a strong implication that, if the petitioner for the writ of mandamus in that case, for the enforcement of a purely public right, had first requested the attorney general to act in the matter and the latter had refused, the petitioner had a right to proceed in his own name.

If there is such an implication, of which we are not convinced, it is only a very weak one and could have had no influence on the decision of that case. There the petitioner, as stated in the opinion, had not first requested the attorney general to act and therefore had no right to file a petition in his own name on either view of the law as to the right of an individual to file such a petition solely on behalf of the public. Moreover the court, because testimony had been offered and the case argued upon other grounds, proceeded to consider them and thereon decided the case against the petitioner. Therefore, it is our conclusion that the weight to be given thereafter to the doctrine clearly laid down in *O'Brien* v. *Board of Aldermen, supra,* after careful consideration of the matter on principle and on the authorities, was not lessened by any such implication.

In *Boss* v. *Sprague,* 53 R. I. 1, which was a suit in equity brought in the superior court to restrain the respondent as secretary of state from taking certain action in connection with an approaching election, this court, at page 2, quoted with evident approval the following sentence from its opinion in the *O'Brien* case: "We are therefore of opinion that these petitioners have no such special interest, distinct from the public at large, as to entitle them to petition in their own names, and that a petition for the enforcement of a purely public right or duty should be brought by the proper public officer, to whom it appertains to see to the enforcement of the right or duty in question."

In *Black* v. *Cummings,* 62 R. I. 361, this court, at page 366, said in substance that in this state a petition for a writ of *quo warranto* or an information or petition in equity, in the nature of *quo warranto,* must be instituted in the name of the state where only the public interest is involved; and it added: "This is the rule in almost all the states, except where, by statute, provision has been specifically made to the contrary."

On the next page this court said: "This rule is generally recognized by the cases as a necessity under considerations of public policy." At the beginning of the next paragraph it added: "In Rhode Island this court long ago gave expression to like views, saying in *O'Brien* v. *Board of Aldermen,* 18 R. I. 113, 116, (1892) in which mandamus was denied: 'Suits for the public should be placed in public and responsible hands. This is the rule in *quo warranto* . . . the practice of requiring the intervention of a public officer in that proceeding is uniform.' "

We have been able to find no opinion by this court which we believe is contrary to, or lessens the weight to be given to the rule of law laid down in the *O'Brien* case. We find that this rule is still in force in this state and that therefore the trial justice in the instant case erred in overruling the respondents' demurrer to the petition.

The appeal of the respondents is sustained, the judgment of the superior court appealed from is reversed, and the cause is remanded to the superior court with direction to enter final judgment dismissing said petition.

*William A. Needham,* for petitioner.

*Morris E. Yaraus,* City Solicitor, for respondents.