AMBROSE P. McCoy *et al. vs.* JOHN H. NOLAN, ATTY. GEN. *ex rel.* PROVIDENCE JOURNAL COMPANY *et al.*

NOVEMBER 26, 1948.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. This is a petition for a writ of certiorari directed to the superior court for the purpose of quashing portions of the record in a certain mandamus proceeding pending in that court in which John H. Nolan, Attorney General et al. were the petitioners and Ambrose P. McCoy et al. were the respondents. Pursuant to the writ which was duly issued, the record of such proceeding was certified to this court for our consideration.

An examination of that record shows in substance the following facts. After the petition in the mandamus proceeding had been filed in the superior court a citation was issued, returnable in due course, directing the respondents therein, petitioners here, to appear and show cause why the prayer of the petition should not be granted. That petition in general alleged that certain named officers of the government of the city of Pawtucket were wrongfully withholding from the petitioners, respondents here, alleged public records relating to tax abatement or cancellation information respecting persons in that city, and prayed that the superior court issue its writ of mandamus directed against such officials and each of them commanding them to make available forthwith such information.

In response to that citation the respondents below, petitioners here, appeared and filed a demurrer to the petition for mandamus and also a motion that certain paragraphs be stricken therefrom. Thereupon the petitioners in the mandamus proceeding filed a motion to dismiss the demurrer and the motion to strike. Such proceeding came on for hearing on the above demurrer and motions before a justice of the superior court who overruled the demurrer and denied all the motions. Thereafter, however, instead of issuing an alternative writ of mandamus he entered an order which contained, among other provisions, the following paragraph: "Fourth. That the time for the filing of an answer or 'return' herein by the respondents is hereby fixed and that the respondents are hereby ordered to file their answer or 'return,' if any is to be filed, on or before the 5th day of June 1948."

The petitioners here contend in substance that the superior court committed error in issuing the citation in the mandamus proceeding and in entering therein that portion of the order of May 19, 1948 which required them, as respondents in that proceeding, to make a return or answer thereto before a certain date, instead of ordering the issuance of an alternative writ of mandamus. On the other

hand, the respondents in the case now before us, petitioners below, maintain that the above questions cannot properly be raised by the instant petition for certiorari and that the disputed steps taken by the superior court in the mandamus proceeding were valid and proper in the existing circumstances. It is clear, therefore, that the matters now to be considered relate only to procedure therein and have no bearing on the merits of the issues in that proceeding.

At the outset we have considered the contention of the respondents herein that certiorari is not the proper remedy to review the alleged errors of law in the record of the mandamus proceeding. Without discussing the point at length we are of the opinion that the petitioners herein may properly employ the remedy of certiorari in the present circumstances. Such remedy may be used to have this court determine whether the tribunal under examination, in this instance the superior court, acted without or in excess of its jurisdiction. Secondly, in our judgment the instant petition also comes within the principle of law set out in *White* v. *White*, 70 R. I. 48, and cases therein cited, namely, that the writ of certiorari may lawfully be employed in the exercise of our revisory and appellate jurisdiction to correct certain errors committed by inferior courts and tribunals when the furtherance of justice requires it in order to avoid great injury or unusual hardship. Under this principle we are of the opinion that it is proper and necessary to entertain this petition now in order to have determined immediately the general practice which should prevail in ordinary common-law mandamus proceedings and to afford the petitioners here their full procedural rights where timely insistence thereon has been made.

In the case now before us the chief issue is raised by the above procedural question. Its determination requires a consideration of the nature of mandamus in this state and what ordinarily constitutes correct procedure in a petition of that kind. Speaking generally, our mandamus proceedings both as to legal principles and procedure are gov-

erned by the rules of the common law. The writ of mandamus is prerogative in its character and is issued in the exercise of the discretion of the court having jurisdiction to so act. *Dintenfass* v. *Amber Star Films Corp.*, 39 R. I. 555.

In this state there is no constitutional or statutory provision which does away with the necessity of following the usual practice in the ordinary common-law mandamus proceeding. It is true that there are certain provisions which have come to our attention, such as general laws 1938, chapter 326, §1, relating to restoring names of electors to the voting lists, and G. L. 1938, chap. 495, §2, relating to the exercise by this court of its supervisory powers to correct errors and prevent abuses. But both of these statutes relate to particular and extraordinary cases where no adequate remedy otherwise exists, where the ordinary writ of mandamus would not be effective, and where the writ is used by the court to effectuate its revisory powers and to do justice in certain extreme and unusual circumstances. The record of the proceeding certified for our consideration shows that it was one in ordinary mandamus and does not call for extraordinary procedure. Therefore cases in this state where the practice was not in issue or passed upon and cases from other jurisdictions where the general practice in mandamus has been altered by statute are of no value as precedents in determining what is the general and established practice in ordinary common-law mandamus.

The law relative to what constitutes established and correct practice and procedure under the rules of the common law as applied to *ordinary* cases involving petitions for mandamus is well settled and apparently is not seriously questioned by the present respondents. In 18 R. C. L. 340, §293, the following statement on this point is made: "On the filing of the petition the common law practice is for the court in mandamus proceedings to issue an order to, or a rule on, the respondents to show cause why a manda-

mus should not issue granting the relief sought in the petition. If the cause shown be deemed insufficient, then a mandamus in the alternative issues, to which a return is to be made; and if good cause is not thereby shown for not doing the thing, then a peremptory mandamus issues."

In *Varanelli* v. *Luddy,* 132 Conn. 113, the court, in discussing proper procedure in ordinary mandamus, uses this language at page 116: "Upon an application to the court for the issuance of the writ, it may or may not order a rule to show cause directed to the respondents named in it and to other interested parties; the alternative writ is in itself an order to perform the act directed or to show cause to the contrary; ordinarily, therefore, no purpose is served by a rule to show cause issued on the original application for the writ; and it should be directed only when unusual circumstances suggest that the matter should be disposed of with all possible speed. If the court grants the application, the alternative writ issues. The respondent must then perform the act directed or appear and show cause why he does not do so, by proper pleading. The alternative writ is the equivalent of the complaint in an ordinary action and all subsequent pleadings must be addressed to it." See also the following authorities which are to the same general effect: *Fisher* v. *City of Charleston,* 17 W. Va. 595. 35 Am. Jur., Mandamus §§347-349; High's Extraordinary Legal Remedies (3d ed.) 11, §8; 36, §30; 497, §537; Merrill on Mandamus, 315, §250; 318, §253.

It is clear, therefore, that in the ordinary mandamus proceeding correct procedure in this state requires that an alternative writ be issued unless such practice is altered or excused by agreement of the parties, or by conduct clearly amounting to agreement or waiver, with the consent of the court, or when it is otherwise provided by statute. The issuance of an alternative writ is not a mere formality but is a matter of consequence, as plainly appears from the above citations. In fact it is considered as the first

actual pleading in the case and takes the place of the declaration in an ordinary action at law. Its use is especially necessary when the facts upon which the respondents' alleged duty is premised may be in dispute and when such disputed issues, if any, will be made clear upon the return of the respondents to the alternative writ.

The respondents here contend, however, that even if it is assumed that in ordinary mandamus proceedings the correct procedure in this state is as above set out, it was impliedly waived by the parties, and in particular by the petitioners here, so that the original petition in mandamus took the place of the alternative writ and the issuance of such a writ became unnecessary and improper. We are unable to agree with this contention. To be effective any such waiver must first be clearly shown by stipulation or by unequivocal conduct amounting to such waiver, with the consent of the court. No such showing has been made. In fact respondents in the superior court, petitioners here, specifically stated in their demurrer: "Now come the respondents, and each of them, (without waiving the issuance of an alternative writ and reserving all their rights because of the non-issuance thereof) hereby demur to the relators' alleged petition and say * * *."

The respondents here also urge in substance that an examination of a considerable number of cases decided by this court involving petitions for the issuance of writs of mandamus shows that the alternative writ has seldom been issued, particularly in recent years, and that the original petition as filed has been treated as the equivalent of the alternative writ. They argue that such procedure has been generally adopted as the standard practice and the established custom and usage of this court; that it was correctly followed in the mandamus proceeding now pending in the superior court; and that such practice has in effect abolished, or become a substitute for, the use of alternative writs in proceedings of that nature.

Upon consideration we do not agree with this contention. An examination of the cases referred to by respondents here will show that the question of correct procedure was not raised or passed upon by the court in any of those cases. This is conceded by them and they also admit that early practice in this state in mandamus petitions ordinarily followed the procedure as at common law which included the issuance at the proper time of an alternative writ. Moreover, our examination of the cited cases also shows that where an alternative writ was not issued the parties, without objection from the court, waived the issuance of an alternative writ, or agreed to treat the original petition as such a writ for the purposes of pleading and making return, or only a single question of law was involved, not based upon controverted facts, and could be determined as well on the merits of the petition. Such cases, therefore, are not binding authority when the question of correct and orderly procedure in the ordinary case for common-law mandamus is raised, as in the instant petition, and when such procedure has not been waived by agreement or conduct but has been expressly insisted on by the respondents below, petitioners here.

In view of the record before us we are of the opinion that the established and recognized practice and procedure, such as we have hereinbefore indicated, should be taken in the mandamus proceeding pending in the superior court. In the past this court, when called upon in ordinary cases, has recognized and followed such regular common-law practice and procedure and has issued alternative writs of mandamus. The following cases are some instances where the court has so acted. *Sleeper* v. *Franklin Lyceum,* 7 R. I. 523; *Cole* v. *Fire-Engine Co.,* 12 R. I. 202; *Briggs* v. *Hopkins,* 16 R. I. 83; *Portland Stone Ware Co.* v. *Taylor,* 17 R. I. 33; *Sweet* v. *Conley,* 20 R. I. 381; *Leonard* v. *Clark,* 24 R. I. 470; *Sullivan* v. *Reynolds,* 39 R. I. 438. It will be noted that initial proceedings in the *Cole* case resemble those in the case now under consideration.

We are also of the opinion that the original petition in the mandamus proceeding in the superior court should not in the present circumstances be treated as equivalent to an alternative writ of mandamus as the respondents here contend. Therefore we find that the superior court committed error in including in the order entered May 19, 1948 the fourth paragraph thereof which has been hereinbefore set out, thereby depriving respondents below, petitioners here, of the benefit of a necessary pleading to which they could make specific return and upon which they had insisted.

It is, however, also our opinion that the citation issued by the superior court upon the filing of the mandamus petition should not be quashed, but should stand as amounting to a rule to show cause, as sometimes issues in a common-law mandamus proceeding, why the court should not exercise its discretion in the premises. The citation was in fact apparently so treated and considered by the parties and the court. The respondents to the mandamus petition first attempted, by filing a demurrer and certain motions, to show cause why no alternative writ should issue on the petition. The demurrer being overruled and the motions being denied by the trial justice, the next proper step in our judgment should have been the issuing of an alternative writ of mandamus in accordance with the usual practice in an ordinary common-law mandamus proceeding.

The fourth paragraph of the order entered on May 19, 1948 in the mandamus proceeding in the superior court is hereby quashed, and the record therein is ordered returned to that court for further proceedings in accordance with this opinion.