JOHN H. NOLAN, ATTY. GEN., *et al. vs.*
AMBROSE P. McCOY *et al.*

MAY 26, 1950.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. This is a motion to quash an alternative writ of mandamus. On this motion the only question is whether the writ is good or bad precisely as it stands. We are not concerned with any right to amend the writ as plaintiffs have not requested permission to amend. On the contrary they insist that the writ in form and substance as ordered is good. The trial justice has so held. The cause is now here on appeal by the defendants who contend that the trial justice erred in so holding. They argue that the alternative writ cannot be the basis for the issuance of a valid and enforceable peremptory writ in accordance with the well-established principles of common-law mandamus, unaffected by any statute. On the other hand plaintiffs argue that the alternative writ can support a good and enforceable peremptory writ, if judged by the modern practice in mandamus proceedings, and they cite numerous authorities which they claim sustain their position.

This question must be decided not by resort to modern cases from jurisdictions where common-law mandamus has been expressly or impliedly altered by statutes or judicial decisions or by both, but by reference to those cases where the principles and rules of practice and procedure in common-law mandamus were applied. In this state the customary practice in ordinary common-law mandamus is the only correct practice. We endeavored to make that clear in *McCoy* v. *Nolan ex rel. Providence Journal Co.*, 74 R. I. 464, which involved another procedural phase of the instant case. There, at page 468, we said that the case was clearly one in ordinary mandamus and that "cases from other jurisdictions where the general practice in mandamus has been altered by statute are of no value as precedents in determining what is the general and established practice in ordinary common-law mandamus."

This is not a new view by this court. Although many courts hold that the writ has lost its prerogative character and become but another civil action, it is established here that it is still prerogative in character and its issuance lies in the discretion of the court having jurisdiction to issue it. *Dintenfass* v. *Amber Star Films Corp.*, 39 R. I. 555. And where some public right is to be subserved by the writ it can be applied for only "by the proper public officer, to whom it appertains to see to the enforcement of the right or duty in question." *O'Brien* v. *Board of Aldermen,* 18 R. I. 113, 117. An examination of the cases on mandamus in our reports discloses no disposition on the part of this court, as far as we can determine, to discard or modify the customary practice and procedure in mandamus at common law. And we so held in *McCoy* v. *Nolan ex rel. Providence Journal Co., supra.*

In the case at bar the defendants' motion to quash raises questions of practice and procedure. In support of their appeal they have consolidated the numerous grounds of their motion under three main headings which they have set out in their brief substantially as follows: (A) the alleged mandate in the alternative writ is improper in that it directs and commands the performance of an impossible act; that a peremptory writ cannot validly be based upon it; and that it is ambiguous, indefinite, indiscriminate, unascertained and general; (B) the parties to the action are improper in that the alternative writ joins improper parties plaintiff and defendant and fails to join an indispensable party plaintiff and indispensable parties defendant; (C) the alleged cause of action set out in the writ is insufficient in that it fails to show that plaintiffs are entitled to relief but rather shows the contrary, and that it joins separate alleged causes of action.

This writ is obviously bad in most of the above respects. Besides being prolix to an extreme degree, it is vague and argumentative and thus is lacking in that clarity and precision which is so essential in mandamus. Merrill on

Mandamus 324, §260. That requirement is especially important in the mandatory clause of the writ. *The King* v. *Church Trustees of St. Pancras,* 1 N. & P. 507. Such exactness and clearness in the mandate of the alternative writ is insisted upon because the peremptory writ, which in this respect must conform strictly to the alternative writ, admits of no excuse by the defendant. High's Extraordinary Legal Remedies (3d ed.) 507, §548. Hence it should be directed precisely to the one who has authority to act and to no one else. *Regina* v. *Mayor, etc. of Hereford,* 2 Salk. 701. Wood on Mandamus 20. If this rule is violated the writ may be quashed. High's Extraordinary Legal Remedies (3d ed.) 501, §542. Another rule in the interest of clearness and exactness is that the writ should not include more than one case. In other words, two or more distinct rights violated by two or more distinct wrongs cannot be redressed by a single writ of mandamus. Ferris, Extraordinary Legal Remedies 287, §241.

Under the writ in the instant case it is not clear, definite and certain from the mandatory clause what the defendants are commanded to do. The language therein "to make available to the petitioners the tax abatement or cancellation information referred to in the foregoing paragraphs" is altogether too general. Also the duty of the defendants is alleged as joint but the mandate is to them severally. It is therefore not clear how each of them could perform the same single duty. If the duty is single and not joint there must be some one person upon whom it is incumbent and not upon any one of several defendants.

Defendants are public officers. Plaintiffs are seeking by mandamus to have this court compel them to perform their duty as such officers. If the duty is joint it should be so alleged and the mandate to the defendants to perform it should be to them jointly and not severally. If it is not joint the writ should be directed unequivocally to the precise person charged with the single duty. In either of those instances there can then be no doubt as to

who is obligated to comply with the mandate of the writ. But to lump the individual defendants together and leave it to conjecture or speculation, as is done here, to determine which of them has the duty to perform the acts demanded is certainly bad pleading in any form of action at common law, and especially so in the extraordinary legal remedy of mandamus.

There is another defect, namely, the obscurity as to which of the various plaintiffs is entitled to the writ. This defect springs from joining different plaintiffs suing in different capacities to enforce different rights and will be presently noticed in the discussion of defendants' contention (B). The alternative writ does not allege that all the plaintiffs jointly are entitled to the same right which, it is alleged, the defendants have refused to accord them. On the contrary the writ quite plainly shows that John H. Nolan, attorney general, appears in his official capacity seeking to assert and protect an alleged public right. The Providence Journal Company, Sevellon Brown and Joseph A. Kelly are relators suing in the name of the state by permission of John H. Nolan, attorney general, to vindicate the same public right and also an alleged private right in themselves. They are also suing as individuals asserting solely the same alleged private right. And finally William E. Powers, the duly elected and qualified successor to John H. Nolan as attorney general was permitted to intervene by motion to formally affirm relators' permission to sue in the name of the state.

Merely to state that situation, it seems to us, is sufficient to show how defective it is from the viewpoint of the law of mandamus. It is doubtful if a case can be found anywhere, even in those jurisdictions which have liberally modified the strict procedure in common-law mandamus, wherein such a gross misjoinder of plaintiffs appears in the alternative writ. Needless to say a public right asserted by the attorney general in his proper official capacity cannot be joined in the same suit with a private right asserted by

private persons solely in their individual capacities. Nor can a private suit so brought be combined with one brought by the same persons as relators by permission of the attorney general to vindicate a public or common right on behalf of the state.

It must be obvious that such suits should be brought separately. They are different causes of action and in some respects are governed by different principles in the application thereto of the law of mandamus. Hence we are of the opinion that the contentions under point (B) as to improper joinder of parties plaintiff and defendant are sound. We see no merit in their further contentions of nonjoinder of indispensable parties plaintiff and defendant, at least on the present record. Nor do we see any merit in their objection to the intervention of William E. Powers. Relators having once been given permission by attorney general Nolan to use the name of the state and the superior court having exercised its discretion to allow the filing of the petition for mandamus by the relators, such permission continued as long as the petition was before the court for consideration regardless of any change of incumbents in the office of attorney general; and it could not thereafter be withdrawn by the attorney general at his option.

The same is not true of the appearance of the attorney general as an active prosecutor of the petition in his own proper official person. In that respect it may be argued that the successor attorney general had the right to withdraw from the suit and cease to be an active party plaintiff. It does not appear from the record here, however, that William E. Powers ever formally withdrew, although it has been stated in defendants' briefs and argument that he consented to his name being used solely *ex rel.* In any event there is nothing for us to determine on that point.

Defendants have raised a further question as to the entire petition and writ being fatally defective because it runs in the name of the attorney general and not in the name of the state. In a number of cases in recent years this court

has entertained petitions so entitled where the defendant has made no objection. However, there can be no question that such a petition for mandamus, in which the consent of the attorney general must first be had and obtained by the relators, should be entitled in the name of the state by the attorney general on relation of the actual party plaintiff. Mandamus for such purpose was brought at common law in the name of the sovereign, and here the state is deemed the sovereign. But failure to so denominate the petition and writ is not a fatal defect where it appears from the body of the petition that the consent of the attorney general to the bringing of it has first been had and obtained. In such case the defect is merely formal and may be corrected at any time upon the insistence of the defendant or at the request of the plaintiff.

Under point (C) defendants contend that the allegations in the writ do not sufficiently state a cause of action entitling them to the relief prayed for and that separate and distinct causes of action are erroneously joined. To some extent the argument made by defendants in support of the first part of that contention touches upon the merits of the writ as distinguished from the procedure to obtain it, that is, it discusses the questions of what are public records under our law and who has the right to inspect them and under what conditions. Aside from the propriety of raising those questions here we see no necessity for deciding them at this time, especially in view of the fact that the writ must be quashed in any event by reason of defendants' above contentions (A) and (B) which we have upheld.

However, it may not be amiss to say here, in view of the protracted course of this litigation, that this court recognizes the common-law right of inspection of public records by a proper person or his agent provided he has an interest therein which is such as would enable him to maintain or defend an action for which the document or record sought can furnish evidence or necessary information. This court

in *In re Caswell's Request,* 18 R. I. 835, while recognizing the common-law right of inspection of public records nevertheless directed its clerk to deny a newspaper a copy of a certain judicial record. Whether or not the right extends further than we have just stated we think is a question upon which we need not express an opinion here.

The second part of defendants' contention under point (C) is sound. As hereinbefore indicated, it is obvious from a reading of the writ that separate, distinct causes of action allegedly consisting of violations of public rights and private rights have been improperly joined together. The motion to quash was sustainable on that ground. It was also sustainable on the further ground that the defendants are charged in both their official and individual capacities. It is elementary that mandamus does not run against individuals as such but only against them as public or quasi public officers.

The defendants' appeal is sustained, the judgment appealed from is reversed, and the cause is remanded to the superior court with direction to enter final judgment quashing the alternative writ and dismissing the petition.

*Edwards & Angell, William H. Edwards, Gerald W. Harrington, Edward F. Hindle, William E. Powers,* Attorney General, for plaintiffs.

*Aram A. Arabian, J. Frederick Murphy,* for defendants.