351 A.2d 820.

JOHN A. DALUZ, JR. *et al. v.* RAYMOND H. HAWKSLEY, *General Treasurer of the State of Rhode Island et al.*

FEBRUARY 23, 1976.

PRESENT: Paolino, Acting C. J., Joslin, Kelleher and Doris, JJ.

DORIS, J. This is a civil action instituted in the Superior Court by the plaintiffs, John A. Daluz, Jr., Robert Sauber, and Edward Smith, Jr., as citizens and taxpayers of the city of Providence, individually and for and on behalf of others similarly situated including members of the State Retirement System, taxpayers and beneficiaries of other state funds, against Raymond H. Hawksley, in his capacity as General Treasurer of the State of Rhode Island, and members of the State Investment Commission as the defendants.

The plaintiffs seek a writ of mandamus commanding defendants to make available to plaintiffs for their inspection and use certain records and documents concerned with the administration, investment and management of public monies, including trust funds, in the custody of defendants in accordance with the provisions of G. L. 1956 (1969 Reenactment) §35-10-8. In addition plaintiffs seek an ac-

counting and other relief. The defendants under the provisions of Super. R. Civ. P. 12(b) moved to dismiss the complaint alleging that plaintiffs had failed to join an indispensable party, the Attorney General, and that plaintiffs lacked standing to maintain the action individually. The case is here on plaintiffs' appeal from an order granting the motion and denying and dismissing the complaint.

Subsequent to the appeal being docketed in this court, defendants filed a motion to dismiss the appeal on the ground that the matters alleged in the complaint had become moot. We denied the motion without prejudice to the right of defendants to renew their motion at oral argument. The defendants renewing their argument contend that this is a political case instituted by plaintiffs immediately prior to the general election held on November 5, 1974, for the purpose of obtaining political notoriety and publicity. The defendants point out that plaintiff Daluz was a candidate for the office of General Treasurer contesting for said office against the incumbent, defendant Hawksley. They further point out that all defendants are either elected state officials or political appointees of the Governor. While there may be some merit in defendants' argument, they have not convinced us that the complaint is based entirely on political considerations. The motion to dismiss because of mootness is therefore denied.

The narrow issue before us is whether or not the Superior Court justice was correct in holding that the Attorney General is an indispensable party to this action.

Although an action to obtain a writ of mandamus, heretofore prerogative in character, is now controlled procedurally in the Superior Court by Super. R. Civ. P. 81 (d), the legal sufficiency of a complaint seeking such relief is still tested by the same substantive standards which have heretofore prevailed. *Demers* v. *Shehab,* 101 R. I. 417, 224 A.2d 380 (1966); *Hammond* v. *Hull,* 131 F.2d 23

(D.C. Cir. 1942); *Kay Ferer, Inc.* v. *Hulen,* 160 F.2d 146 (8th Cir. 1947); 7 Moore, *Federal Practice* (2d. ed.) §81.07.

It is well established that a writ of mandamus will issue only where the petitioners have a clear legal right to have the act done which is sought by the writ; and where the respondents have a ministerial, legal duty to perform such act without discretion to refuse; and where the petitioners have no plain or adequate remedy at law. *Demers* v. *Adamson,* 102 R. I. 453, 231 A.2d 484 (1967); *Aniello* v. *Marcello,* 91 R. I. 198, 202-03, 162 A.2d 270, 272 (1960); *Sun Oil Co.* v. *Macauley,* 72 R. I. 206, 210, 49 A.2d 917, 919 (1946).

In earlier cases we have recognized the common law right of inspection of public records by a proper person or his agent *provided* he has an interest therein which is such as would enable him to maintain or defend an action for which the document or record sought can furnish evidence or necessary information. *Nolan* v. *McCoy,* 77 R. I. 96, 73 A.2d 693 (1950); *In re Caswell's Request,* 18 R. I. 835, 29 A. 259 (1893).

In *O'Brien* v. *Board of Aldermen,* 18 R. I. 113, 25 A. 914 (1892), we established that a private individual can apply for mandamus only where he has some private or particular interest to be pursued or protected, independent of that which he holds in common with the public at large; and that it is for public officers, exclusively, to apply for the writ where public rights only are to be subserved. We have consistently followed this rule in subsequent cases. *Demers* v. *Adamson; Demers* v. *Shehab; Nolan* v. *McCoy,* all *supra; Dupre* v. *Doris,* 68 R. I. 67, 26 A.2d 623 (1942); *Boss* v. *Sprague,* 53 R. I. 1, 162 A. 710 (1932).

The plaintiffs argue that at common law a citizen has an inherent and fundamental right to examine public records and that therefore plaintiffs as citizens and tax-

payers have the right to examine the records under the control of defendants.

As we have stated this court recognizes the common law right of inspection by a proper person or his agent *provided* he has an interest therein which is such as would enable him to maintain or defend an action for which the document or record sought can furnish evidence or necessary information. The court in *Nolan* v. *McCoy, supra,* declined to extend this right of inspection further and we can see no reason to express our opinion on an extension of our rule as suggested by plaintiffs.

The question then is whether plaintiffs here possess a particular or special interest sufficient to permit them to seek relief by way of a petition for mandamus without the intervention of a public officer.

Describing themselves as "citizens and taxpayers" in their complaint, plaintiffs state that they are beneficiaries of the accounts and funds administered by defendants as members of the State Retirement System and/or as taxpayers. The problem is whether or not such an allegation which we on a motion to dismiss accept as true and construe liberally in their favor gives them the necessary qualifying interest. *Demers* v. *Shehab, supra,* quoting 2 Moore, *Federal Practice* (2d ed.) §12.08.

The Superior Court justice ruled that the Attorney General is an indispensable party to plaintiffs' action on the ground that plaintiffs are not possessed of a particular or private right which they hold independent of that which they hold in common with the public at large. Here, on the allegation by plaintiffs that they are beneficiaries of the funds administered by defendants, they have in our opinion established they are possessed of a particular right and interest which is different and independent of that right which they hold in common with the public at large and therefore are qualified to seek mandamus in their own

name and without the intervention of the Attorney General.

The Superior Court justice therefore erred in holding that the Attorney General is an indispensable party and in granting the defendants' motion to dismiss.

The plaintiffs' appeal is granted, the order appealed from is vacated, and the case is remitted to the Superior Court for further proceedings.

Mr. Chief Justice Roberts did not participate.

*Robert B. Mann*, for plaintiffs.

*William G. Gilroy*, for defendants.