**PROVIDENCE JOURNAL COMPANY**

v.

**Dominic CRESTO, in His Capacity as a Justice of the Rhode Island Superior Court et al.**

**No. 97–391–Appeal.**

Supreme Court of Rhode Island.

July 23, 1998.

Joseph V. Cavanagh, Jr., Providence, for Plaintiff.

Joseph F. Penza, Jr., Warwick; Rosemary M. Allen, Robert R. Popeo, John K. Markey, Richard M. Egbert, Boston, MA; Joseph L. DeCaporale, Jr, Aaron L. Weisman, Providence, for Defendants.

Before BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before a three-judge panel of this Court pursuant to an order directing the parties to appear and to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and reviewing their memoranda, we are satisfied that cause has not been shown. Accordingly we shall decide the issues at this time.

Following an *in camera* hearing, defendant, a justice of the Superior Court (first trial justice), ordered that a portion of the bill of particulars that the Attorney General's office had filed in *State v. DiPrete*, 710 A.2d 1266 (R.I.1998), be sealed, as well as the stenographic record of the *in camera* proceeding. The plaintiff, Providence Journal

Company (Journal), filed a complaint seeking declaratory and injunctive relief, and another justice of the Superior Court (second trial justice) entered judgment in favor of the Journal, thereby vacating the first trial justice's order to seal the relevant documents. The first trial justice has appealed to this Court, and we reverse. The relevant facts are not in dispute.

During pretrial discovery in *DiPrete* the state filed a seventy-eight page bill of particulars that was accompanied by a motion to seal the entire document. The first trial justice conducted an *in camera* hearing, which was on the record and in the presence of all the parties to the *DiPrete* case. Following the hearing the first trial justice ordered that a portion of pages 70 and 71 be deleted and sealed and apparently also ordered that the stenographic record of the *in camera* proceeding be sealed. On December 15, 1995, the Journal filed an action against the first trial justice in his official capacity and against the record keeper, the Clerk of the Superior Court for Providence County.[1] The Journal alleged, *inter alia*, that the first trial justice's decision to seal a portion of the bill of particulars and the record of the *in camera* proceeding, as well as his failure to make specific findings explaining the necessity for these protective orders, violated its constitutional rights. The Journal sought a declaration that the sealed portion of the document, as well as the stenographic record, "be unsealed and made accessible to the Journal."

On December 28, 1995, the first trial justice entered a second order, which provided that

"the State's Motion [to seal the bill of particulars] is granted in part and denied in part. Specifically, it is hereby ordered that the clerk shall seal the [bill of particulars] as follows:

That portion of the document which begins at the fourth (4th) paragraph on p.

---

1. The complaint against the Clerk of the Superior Court for Providence County was later dismissed by agreement of the parties. The Journal filed an amended complaint on February 21, 1996, naming as party defendants the State of Rhode Island and Edward and Dennis DiPrete, the parties in the underlying criminal action. The appeal of the first trial justice, however, is the only matter presently before this Court.

70, and continuing through and including the first (1st) full paragraph on p. 71. "The Court finds that the portion ordered sealed contains material of a sensitive nature pursuant to *State v. Cianci*, 496 A.2d 139 (R.I.1985), and therefore declines to release that part of the record. The Court determined there to be no Sixth Amendment violation in entering such an order. "The State's Motion is denied as to the balance of the document, and same shall become part of the record of this case."[2]

■ On December 13, 1996, the Journal filed a motion entitled "Petition To Vacate Order." The parties agreed that no issues of material fact existed and that the case presented a question of law, which would be decided on the basis of written memoranda. Significantly, however, no effort was made to obtain or to review the record of the *in camera* hearing, which was conducted by the first trial justice. Despite this omission, on February 17, 1997, the second trial justice issued a written decision in which he declared the first trial justice's order incomplete. The second trial justice stated that the first trial justice's order invited further explanation regarding "the necessity for the protective order" and found that "in its present form," the order permitted public access to the sealed portions of the bill of particulars and to the stenographic record developed as a result of the *in camera* proceeding. On February 19, 1997, the second trial justice entered judgment for the Journal and vacated the December 28, 1995 order of the first trial justice.[3] This appeal ensued. For the reasons that we shall articulate, we deem the second trial justice's failure to review the record in this case to be error as a matter of law. Furthermore we declare that any inquiry into the appropriateness of a protective order sealing information in a criminal case must begin with a review of the *in camera* record.

■ At the outset we address the notion that this case may have been rendered moot by the Journal's decision to publish the sealed material, which the Journal asserts it obtained from another source. In light of the great public importance of the issues presented by this case, however, we decline to dismiss this appeal as moot. Instead we are confident that the questions concerning the appropriate method by which a court file may be closed to the public will occur again in our courtrooms, particularly when, as here, the parties are well known or the trial is of great public interest. *See State v. Cianci*, 496 A.2d 139, 142 (R.I.1985). Therefore, although we reverse the decision of the second trial justice in light of the apparent mootness of this case, we decline to remand this matter to the Superior Court for further proceedings. We now address the merits.

■ In *Cianci* this Court determined that the public's right of access to discovery materials is not absolute and that a trial justice may, in a manner consistent with Rule 3.3 of the Superior Court Rules of Practice,[4] decline to release sensitive portions of a record in a pending case. *See Cianci*, 496 A.2d at 145. *See also Request of Caswell*, 18 R.I. 835, 836, 29 A. 259, 259 (1893). We observed that pretrial discovery in a criminal case often involves hearsay and other materials not admissible at trial and that a protective order may be necessary to preclude disclosure of confidential material. *See Cianci*, 496 A.2d at 143–44. In light of the public's

---

**2.** We note that the first trial justice initially ordered the sensitive material to be deleted and in a subsequent order directed the material to be sealed. When a trial justice is confronted with inflammatory material that has no relevance to the charges before the court, he or she may strike the bill of particulars or order the offending material to be stricken from the response. *See generally Super. R.Crim. P. 7(f); State v. Brown*, 574 A.2d 745, 749 (R.I.1990).

**3.** The second trial justice stayed the operation of his order to permit the parties time to appeal the judgment to this Court. Shortly thereafter, an article appeared in the Providence Journal, apparently reporting the information contained in the sealed record. Thus no stay was sought in this Court, and the DiPretes have not pursued an appeal in this case.

**4.** Rule 3.3 of the Superior Court Rules of Practice provides,

"Matters of record which are sealed by the court pursuant to statute or court order shall not be furnished by the court for publication or given out for inspection to any one except as provided by statute or by order of the court."

strong interest in access to the state's criminal court records, however, closure must be cautiously exercised and a protective order must be strictly limited to avoid sealing material that is not of a sensitive nature. *See Providence Journal Co. v. Rodgers*, 711 A.2d 1131 (R.I.1998). Consequently a protective order is available only after a trial justice conducts an *in camera* inspection of the documents in the presence of the parties to determine whether closure is warranted. *See Cianci*, 496 A.2d at 144. In circumstances in which the trial justice determines that the release of these records "may have untoward consequences wholly unnecessary to final preparation of the case," the court may issue a protective order sealing the material. *See id.*

We thereupon adopted a four-part inquiry to be undertaken by a trial justice to facilitate the determination of whether a protective order is warranted. We stated,

"A protective order (1) must be narrowly tailored to serve the interests sought to be protected, (2) must be the only reasonable alternative, (3) must permit access to those parts of the record not deemed sensitive, and (4) must be accompanied by the trial justice's specific findings explaining the necessity for the order." *Id.*

█ In his written decision the second trial justice observed that the Journal's collateral attack on the first trial justice's order had placed him in the unusual posture of evaluating an order issued by another justice of the Superior Court. Rather than examine the record of the *in camera* proceeding, however, the second trial justice perceived that his role was limited to examining only the protective order that sealed the records. We are satisfied that the second trial justice misconceived the nature of the proceeding before him.

In *Cianci* we determined that in cases in which a party or a representative of the media seeks disclosure of pretrial-discovery materials that have been ordered sealed by a justice of the Superior Court, the better practice is to file an independent action for declaratory judgment against the sealing authority. 496 A.2d at 146. We stated that under this method "[a] hearing could then be

held * * * and in that hearing a record could be created for this [C]ourt to review if the complaining party is still aggrieved." *Id.* It is incumbent upon the trial justice reviewing the protective order, however, whether it is the original trial justice or, in the event of his or her recusal, another justice of the Superior Court, that the record of the *in camera* proceeding be reviewed. Only after reviewing the record of the *in camera* proceeding can a determination be made concerning whether the need for the protective order still exists and whether the original trial justice made specific findings to justify the order. Even though these findings are an integral part of the closure procedure, we have never declared that these findings must be included in the protective order itself. Instead we note that the fourth factor of the *Cianci* inquiry provides that the order "must be *accompanied* by the trial justice's specific findings explaining the necessity for the order." *Id.* at 144. (Emphasis added.) Indeed, were we to mandate that a trial justice specifically detail his or her findings in the protective order itself, such a directive would place the trial justice in the anomalous position of håving to reference the subject matter that he or she is ordering sealed. This is an impossible task that may result in the inadvertent disclosure of the sealed material, thus defeating the entire purpose of the protective order.

In this case the second trial justice limited his analysis to an examination of the protective order itself and concluded that although "the order * * * permits access to those parts of the Bill of Particulars not deemed sensitive, the order invites further explanation as to the necessity for the protective order, as well as a clearer indication of the compelling interest to be served by its issuance." The second trial justice added that the order

"in its present form, permits public access to the sealed portions of the state's Bill of Particulars filed and the stenographic record developed from the *in camera* proceeding. Although the trial judge may still augment the order consistent with the directives of *Cianci*, this court is without the authority either to do so *sua sponte* or

to remand the matter directly to the trial judge for his further consideration. Accordingly, this court grants plaintiff's petition for declaratory judgment and vacates the order of December 28, 1995."

█ Our previous opinions in *Cianci*, as well as in *Providence Journal Co. v. Superior Court*, 593 A.2d 446 (R.I.1991), both cases wherein the records failed to demonstrate any facts to support the closure orders, suggest that the determination of whether the original trial justice appropriately foreclosed the public's right of access to a criminal proceeding must begin with an examination of the *in camera* record. *See generally State v. Cianci*, 496 A.2d 139 (R.I.1985). We reiterate that closure remains an extraordinary remedy, which should only be utilized in limited circumstances and only when no other less restrictive remedy is available. *See generally Providence Journal Co. v. Rodgers*, 711 A.2d 1131 (R.I.1998). In any event the determination of whether the original trial justice has complied with the factors set forth in *Cianci* is not limited to an examination of the protective order itself. Instead the crucial factor in making this determination is the *in camera* record.

Therefore, for the reasons stated, we conclude that the second trial justice abused his discretion by vacating the protective order in this case without reviewing the *in camera* record. The defendant's appeal is sustained, and the judgment appealed from is reversed. The papers in this case may be remanded to the Superior Court; however, further proceedings are not deemed necessary.

WEISBERGER, C.J., and LEDERBERG, J., did not participate.